PETER VAN VLISSINGEN

*v.*

CHRISTINA LENZ *et al.*

*Opinion filed December 22, 1897—Rehearing denied February 15, 1898.*

1. ELECTION—*general application of the rule that election once made is irrevocable.* The rule that the right of election once exercised is irrevocable, applies to those cases where to permit the party to revoke his election would prejudice the rights of the opposite party.

2. SAME—*party electing to declare a forfeiture may waive his election.* A mortgagee who has elected to declare due the principal sum secured, for default in prompt payment of interest, may, upon payment of interest or for other reason satisfactory to himself, waive his election and permit the contract of indebtedness to continue under its original terms.

3. WAIVER—*mere acceptance of amount due is not a waiver of notice of forfeiture.* The mere acceptance, after default, of the amount of interest due is not in itself a waiver of a prior notice of election to declare the principal due; but where such interest is accepted as

the entire amount then due, it becomes a question of fact whether its acceptance was intended as a waiver of the notice of election.

4. EVIDENCE—*what not admissible to show that acceptance of interest was not a waiver of notice of election.* An endorsement, by the holder of a note, upon an interest coupon paid after due and after his notice of election to declare the principal due, that it was paid "upon the understanding that the principal remains past due as per notice," is not admissible to show that the acceptance was not a waiver, where the endorsement was written after the money had been paid and accepted. (CARTER and CARTWRIGHT, JJ., dissenting.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. WILLIAM G. EWING, Judge, presiding.

WILLIAM W. CASE, for plaintiff in error:

An election once determined is irrevocable. *Platt* v. *Insurance Co.* 153 Ill. 113; *Scarf* v. *Jardine*, L. R. 7 App. 345; *Moller* v. *Tuska*, 87 N. Y. 166.

After election the credit could be revived only by a new contract. *Wheeler & Wilson Manf. Co.* v. *Howard*, 28 Fed. Rep. 741; *Noell* v. *Gaines*, 68 Mo. 649; *Chambers* v. *Marks*, 93 Ala. 412.

The performance of a legal duty is no consideration for such contract. *Waters* v. *Simpson*, 2 Gilm. 570; *Woolford* v. *Dow*, 34 Ill. 424; *Glickauf* v. *Hirschhorn*, 73 id. 574; *Crossman* v. *Wohlleben*, 90 id. 537; *Stuber* v. *Schack*, 83 id. 191; *Dennis* v. *Piper*, 21 Ill. App. 169; *Kerns* v. *Ryan*, 26 id. 177; *Insurance Co.* v. *Rink*, 110 Ill. 538; *Hayes* v. *Insurance Co.* 125 id. 626; *Trenor* v. *LeCount*, 84 Hun, 426.

After an election has been determined there is nothing to waive. *Platt* v. *Insurance Co.* 153 Ill. 113; *Croft* v. *Lumley*, 6 H. L. 672; *Morecroft* v. *Meux*, 1 C. & P. 346; *Jones* v. *Carter*, 15 M. & W. 718; *Grimwood* v. *Moss*, L. R. 7 C. P. 360; *Clough* v. *Railroad Co.* L. R. 7 Exch. 26.

Accepting performance of part of an obligation is no evidence of a waiver of the rest and no basis for an estoppel. *Platt* v. *Insurance Co.* 153 Ill. 113; *Terry* v. *Munger*, 121 N. Y. 161; *Price* v. *Worwood*, 4 H. & N. 512; *Jackson* v. *Allen*, 3 Cow. 220; *Bleecker* v. *Smith*, 13 Wend. 531; *Green's*

*case,* Cro. Eliz. 3; *Ward* v. *Day,* 4 B. & S. 337; *Moore* v. *Sargent,* 112 Ind. 484; *Organ* v. *Stewart,* 60 N. Y. 413; *Rubens* v. *Prindle,* 44 Barb. 336; *Sloat* v. *Bean,* 47 Iowa, 60; *Rouse* v. *Wheel Works,* 66 Ill. App. 647; *Bonafous* v. *Rybot,* 3 Burr. 1370; *Keene* v. *Biscoe,* L. R. 8 Ch. Div. 201.

Waiver is a question of intention. *Croft* v. *Lumley,* 6 H. L. 672; *Gassett* v. *Anderson,* 21 Vt. 342; *Insurance Co.* v. *Amerman,* 119 Ill. 329; *Schimp* v. *Insurance Co.* 124 id. 354; *Cheny* v. *Batten,* 1 Cowp. 243.

McDannold & Phelps, and Seymour Stedman, for defendants in error:

Where parties stipulate for the payment of a sum certain on default of performance of an agreement, such a stipulation will be treated as a penalty and also as a forfeiture. *Tiernan* v. *Hinman,* 16 Ill. 400; *Bryton* v. *Marston,* 33 Ill. App. 211; *Plank Road Co.* v. *Murray,* 15 Ill. 337.

The law does not favor forfeitures, but refuses to enforce them whenever wrong or injustice will result therefrom; and before a forfeiture will be enforced a clear case appealing to the principles of justice must be established. *Voris* v. *Renshaw,* 49 Ill. 425; *Board of Education* v. *Trustees,* 63 id. 204.

Any act done by a landlord, knowing of a cause of forfeiture by his tenant, as confirming the existence of the lease and recognizing the lessee as his tenant, is a waiver of such forfeiture. *Webster* v. *Nichols,* 104 Ill. 160; 1 Williams' Saund. 287; 2 Platt on Leases, 471; 1 Washburn on Real Prop. 454.

Receipt of rents subsequently accruing from a tenant by the landlord is such an act, and forfeiture is thereby waived. *Bleecker* v. *Smith,* 13 Wend. 530; *Jackson* v. *Allen,* 3 Cow. 220; *Ireland* v. *Nichols,* 46 N. Y. 410; *Fisher* v. *Deering,* 60 Ill. 114; *Shattuck* v. *Lovejoy,* 8 Gray, 204.

The principal of a special agent is only bound by the acts of such special agent which are strictly within his authority, and a third party is bound, at his peril, to as-

certain the limit of the authority.   1 Am. & Eng. Ency. of Law, 351, and citations.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This was an action in ejectment, brought in the Superior Court of Cook county by Peter VanVlissingen to recover certain property in the city of Chicago.   The title of the plaintiff was alleged to be derived through and by virtue of a trust deed in the nature of a mortgage, executed by Christina Lenz and Joseph Lenz, her husband, on the 10th day of July, 1895, to secure a note for $3600, payable five years after date, with interest at six per cent per annum, evidenced by interest notes attached to the principal note.   The principal note contained a clause whereby it was provided that if default be made in any one of the installments of interest, the principal sum, together with accrued interest, should, at the option of the legal holder of said note, become at once due and payable.   The same clause, in substance, appeared in the interest notes and in the trust deed.   The interest coupon due July 1, 1896, was not paid, and on July 15 the plaintiff, who was the legal owner and holder of the note, prepared a notice, which on the next day was served upon the defendants, notifying them that under the terms and conditions of the note and mortgage he had elected to declare the entire sum, principal and interest, due.   The defendant Christina Lenz denies the service of this notice upon her, but it is immaterial whether or not such service was had, as the note provides for forfeiture without notice.   She says that on the 15th day of July, and prior to the service of notice of election, she went personally to the office of the plaintiff with $108, being the amount of interest due, and intended to pay the interest to the plaintiff, who said he would not talk to her but wanted to talk to her husband, as she did not speak English.   She did not show him the money, but says she told him she was

going to pay the interest. These facts were denied by the plaintiff, and this became a question of fact which was presented to the trial court for determination. On the 20th day of July Joseph Lenz went to the office of the plaintiff and paid him the coupon interest note, but Van-Vlissingen, after payment but before delivering this interest note to Joseph Lenz, wrote thereon in red ink as follows:

"Paid July 20, 1896, upon the understanding that principal remains past due, as per notice.    PETER VANVLISSINGEN."

Lenz testified he did not look at this indorsement until he had left the office, but supposed the note was simply marked paid. This indorsement was excluded by the court and not permitted to go to the jury, the plaintiff himself having testified that he did not make it until after he had received the money and the note was paid. On the 11th of August following, this action in ejectment was brought, to which the defendants pleaded the general issue.

Upon the trial an affidavit was filed showing that the plaintiff claimed title through a common source with the defendants. The defense relied upon was, that acceptance of payment of the interest note on the 20th of July, before any suit had been brought, was a waiver of notice.

The case was tried before a jury, who returned a verdict in favor of the defendants. A motion for a new trial was overruled and judgment rendered upon the verdict, whereupon this writ of error was sued out.

The principal question for the consideration of this court upon this record is, whether the legal holder or owner of a note and trust deed which contains a provision permitting him to declare the entire sum due upon default in the payment of interest, having elected so to do, can afterwards waive such election and permit the note and trust deed to continue in force. The trial court instructed the jury upon the theory that even though plaintiff had once elected to declare the entire sum due,

yet if, at the time he accepted the amount of interest due on the coupon note, he waived any forfeiture of the note and mortgage, he could not recover. It is contended by plaintiff in error that such instructions were erroneous, for the reason that the plaintiff having once determined to elect, and having elected, it was irrevocable on his part, and that after such election the note and mortgage could only be revived by a new contract, and that it was not possible, as a matter of law, for plaintiff to waive his election. Such is not the law, and the instructions given by the trial court.to the effect that if the jury believed, from the evidence, that at the time the plaintiff accepted the amount due on the coupon note he waived any forfeiture of the mortgage, then the jury should find the defendants not guilty, (and other instructions in substance the same,) were proper instructions.

It is true that under some circumstances the law will not permit a party having once elected, to change such election, but will hold it irrevocable. This rule is generally applicable in cases where the opposite party would be in some way prejudiced by permitting him who has the right to elect, to revoke such election. An insurance company which has the right, under its policy of insurance, to elect within a time specified whether it will rebuild the premises destroyed or pay its policy in cash, having made its election thereunder will not be permitted to revoke it and adopt the other method. (*Platt* v. *Ætna Ins. Co.* 153 Ill. 113.) The reason of this rule is apparent; the other party in interest, the moment the election is made, has the right to act thereon and to consider that such election will be adhered to, and his rights might in many instances be unduly prejudiced by permitting a revocation of such election. A vendor who discovers fraud perpetrated upon him by the purchase of personal property has, on the discovery of the fraud, an election of remedies: either to disaffirm the sale and recover the property, or to sue for the price; but having once mani-

fested his election he cannot thereafter revoke it and maintain the other remedy.  *Moller* v. *Tuska*, 87 N. Y. 166.

There are other instances in the law where a party who has the right of election, and has once elected, will not be permitted to revoke it.  In a case, however, where a mortgagee or trustee, for his own exclusive benefit and convenience, has taken a contract which assures to him the right, upon failure to make payment of interest, to pay taxes, to keep up insurance or to perform other conditions and covenants in a mortgage or trust deed, to declare a forfeiture of such conditions and hold the entire sum to be due and payable, there are none of these conditions which he has not a perfect right to waive; nor can it be said that having elected to declare the entire sum due and payable on account of any default, he may not, upon such default having been removed, or for any other reason satisfactory to himself, waive his election and permit the contract of indebtedness to continue under its original terms.  Such being the law, therefore, it became in this case solely a question of fact for the jury as to whether or not plaintiff in error, upon the acceptance by him of the interest due, waived his notice of election and permitted the indebtedness to continue in force under its original terms.  The evidence as to what occurred at the time of the payment of this interest to the plaintiff in error is contradictory.  A jury has passed upon this question of fact and found adversely to plaintiff in error, and we cannot say they were mistaken.  The mere acceptance of interest after the notice of forfeiture would not, of itself, revive the contract, as one may accept payment of part of his indebtedness without thereby waiving his right to receive the balance; but where one accepts the entire amount as due according to the contract, it becomes a question of fact whether it was intended to waive such forfeiture.

It is urged the trial court erred in excluding from the jury the indorsement made in red ink on the interest cou-

pon note. It was admitted by plaintiff in error himself that the memorandum was not made until after he had received payment of this interest. There were also disputed questions of fact as to what was said by and between the parties immediately at the time the payment was made. This memorandum so endorsed was excluded by the trial court upon the apparent theory that anything done by plaintiff in error after payment could not have the effect to prejudice the rights of defendants in error, and also upon the further theory that Christina Lenz was the actual owner of the premises in question, and that Joseph Lenz, her husband, who made the payment of interest, was acting as her agent only for that purpose and had no authority to make or enter into a new contract. The latter is not material, the jury having found, as a question of fact, that immediately at the time the payment of interest was made plaintiff in error accepted and waived his notice of forfeiture, and he could not a few moments afterwards declare another forfeiture, for the reason there was no additional default under the mortgage and trust deed which gave him such right. There was no error in the trial court excluding the memorandum in question.

This record being carefully considered in the light of the questions of fact, which are determined by the verdict of the jury and the judgment of the trial court, and a consideration of the questions of law involved presenting no ground for reversal, the judgment of the Superior Court of Cook county is affirmed.

*Judgment affirmed.*

CARTER and CARTWRIGHT, JJ.: We think that the court erred in excluding the endorsement made at the time of the transaction when the money was paid and before the surrender of the note.