RICHARD CURRAN

*v.*

JOHN E. HOUSTON.

*Opinion filed February 18, 1903.*

1. MORTGAGES—*stipulation that principal shall become due upon default in paying interest is valid.* A stipulation in a mortgage that the whole debt may be declared due by the mortgagee upon default in the payment of principal or interest is valid.

2. SAME—*filing bill to foreclose is an election to declare the debt due.* Filing a bill to foreclose a mortgage upon default in the payment of interest is an election to declare the whole debt due, and no personal notice of such intention is necessary in the absence of any provision in the mortgage requiring such notice.

3. SAME—*when accepting interest does not waive a prior declaration of forfeiture.* The mere acceptance by the mortgagee of payment of the second interest coupon after instituting a foreclosure suit for default in payment of the first coupon does not waive the previous declaration of forfeiture or the right to maintain the foreclosure suit, where the first interest coupon remains unpaid.

4. SAME—*what does not show an intention to waive right to maintain a foreclosure suit.* Acceptance of payment of the second interest coupon after beginning a suit to foreclose for default in payment of the first coupon does not waive the right to maintain the foreclosure suit, where it was agreed that the conditions and equities between the parties were to remain unaffected by the payment and both parties proceeded to prepare the cause for hearing.

5. APPEALS AND ERRORS—*when judgment of the Appellate Court is appealable.* A judgment of the Appellate Court which reverses a decree dismissing a foreclosure bill and remands the cause with directions "to render a decree in accordance with the prayer of the bill," is subject to review on appeal or error, where nothing remains to be done in the court below except to enter an ordinary decree of foreclosure and sale.

*Houston* v. *Curran,* 101 Ill. App. 203, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This is a bill, filed on March 29, 1899, in the superior court of Cook county to foreclose a trust deed and the principal and interest notes secured thereby, the com-

plainants in the bill being the trustee, James H. Gilbert, and John E. Houston, the defendant in error, the owner of the notes. The defendants were the maker of the notes and trust deed, Richard Curran, and his wife, Isabella Curran, and one George E. White, who endorsed the notes. Default was entered against White. Answer was filed by Richard Curran, and his wife, and replication was filed to the answer. A reference was had to a master in chancery with instructions to take proofs, and report the same to the court, together with his findings of fact and law. The master took testimony, and made a report, finding that the material allegations of the bill were sustained by the proofs, and recommending that the prayer thereof be granted. The cause came on for hearing upon exceptions to the master's report, and the court entered a decree overruling the master's report, so far as it recommended the granting of the prayer of the bill, and dismissing the bill at the cost of the complainants for want of equity.

An appeal was taken from such decree of dismissal to the Appellate Court. The Appellate Court rendered a judgment, reversing the decree of the superior court of Cook county, and remanding the cause to that court "with directions to render a decree in accordance with the prayer of the bill." The present writ of error is sued out from this court for the purpose of reviewing the judgment, so entered by the Appellate Court.

MCARDLE & MCARDLE, for plaintiff in error.

CUNNINGHAM, VOGEL & CUNNINGHAM, for defendant in error.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

The trust deed, sought to be foreclosed by this suit, was executed on August 24, 1898, by plaintiff in error, and his wife, to James H. Gilbert, trustee, conveying, sub-

ject to a prior encumbrance thereon of $6000.00, lot 21 in Hayes' subdivision of block 1 in Wright's addition to Chicago in the south-west quarter of section 8, township 39 north, range 14 east of the third principal meridian, which said trust deed, here sought to be foreclosed, was so executed to secure the payment of a principal note for $1500.00, dated August 24, 1898, due three years after date, with interest at six per cent per annum, payable half-yearly, and drawing seven per cent per annum after maturity, executed by Richard Curran to the order of him-self, and by him endorsed, and also endorsed by George E. White, and interest or coupon notes each for the sum of $45.00, dated August 24, 1898, and due, respectively, on February 24, and August 24 of each year, with interest at seven per cent per annum after maturity, said interest notes also being executed by Richard Curran to the order of himself, and by him endorsed. It will thus be observed that the first interest note for $45.00 fell due on February 24, 1899, and the second on August 24, 1899.

When the first interest note, due on February 24, 1899, became due, demand for payment of the same was made by defendant in error, Houston, the owner and holder thereof, and such payment was refused. The trust deed provided "that, if default be made in the payment of any one of the installments of interest aforesaid at the time and place when and where the same becomes due and payable as aforesaid, and such default shall continue for thirty days after such installment becomes due and payable as aforesaid, then, at the election of the legal holder of said principal note, the said principal sum of $1500.00 shall at once become due and payable; * * * such election to be made at any time after the expiration of said thirty days without notice." Default having been made in the payment of the installment of interest, due on February 24, 1899, and such default having continued for more than thirty days, the present bill of foreclosure was filed on March 29, 1899; and it was therein alleged

that the whole of the principal and interest had become due and payable by reason of such default.

On September 12, 1899, while the suit was pending on reference before the master, and while the parties thereto were taking testimony, plaintiff in error, Curran, paid the interest coupon note, which fell due on August 24, 1899, to the defendant in error, Houston, and the latter accepted such payment.,

Substantially the only question in this case is, whether the acceptance by defendant in error of the payment of the second coupon note, which fell due on August 24, 1899, operated as a waiver of the forfeiture previously declared on account of the non-payment of the first interest note, which fell due on February 24, 1899. The contention of the plaintiff in error is that the acceptance on September 12, A. D. 1899, of the payment of the second interest coupon note which fell due on August 24, 1899, did operate as a waiver of the previous forfeiture and declaration making the whole amount due, and that, consequently, the bill was prematurely filed. This was the view taken by the chancellor, who heard the case below, and upon this ground the bill was dismissed.

Parties may by contract make the time, given for payment of the principal debt, depend upon the prompt payment of the several installments of interest when due, providing, either in the note, or mortgage securing the same, that a failure to make payment of any installment of interest shall work a forfeiture of the credit, and make the entire debt due at once. Such stipulation, that the whole sum shall become due and payable upon default in the payment of the principal or interest is universally held to be legal and valid. It is not objectionable as being in the nature of a penalty or forfeiture, but will be sustained in equity as well as at law. (*Hoodless* v. *Reid,* 112 Ill. 105; 1 Jones on Mortgages,—5th ed.— sec. 76; 1 Pomeroy's Eq. Jur. sec. 439; *Kramer* v. *Rebman,* 9 Iowa, 114; *Ottawa Northern Plank Road Co.* v. *Murray,* 15

Ill. 336). It is not necessary, as a general thing, to give the mortgagor or debtor personal notice of the intention to exercise the option to make the whole indebtedness become due on failure to pay the interest. The exercise of such option is indicated by the filing of the bill to foreclose. The determination on the part of the holder of the notes to file a bill for the foreclosure of the trust deed for the entire indebtedness, and causing the same to be prepared and filed in pursuance of such determination, is a sufficient election to declare the whole sum due, and to entitle him to maintain his bill. (*Brown* v. *McKay,* 151 Ill. 315; *Hoodless* v. *Reid, supra; Sweeney* v. *Kaufmann,* 168 Ill. 233). In the case at bar, however, there was an express provision in the trust deed that the election was to be made, at any time after the expiration of the thirty days, without notice.

In the case at bar, also, payment of the coupon, which fell due on August 24, 1899, was offered by the plaintiff in error and accepted by the defendant in error. It was the non-payment of the coupon falling due on February 24, 1899, upon which the declaration of forfeiture, or the declaration that the whole amount of the principal and interest should become due, was based. The mere acceptance of the interest, due upon a subsequent coupon maturing after the forfeiture and after suit commenced, could not have the effect of reviving the contract, as one may accept part of his indebtedness without thereby waiving his right to receive the balance. In *VanVlissingen* v. *Lenz,* 171 Ill. 162, we said (p. 168): "In a case, however, where a mortgagee or trustee for his own exclusive benefit and convenience, has taken a contract which assures to him the right, upon failure to make payment of interest, to pay taxes, to keep up insurance or to perform other conditions and covenants in a mortgage or trust deed, to declare a forfeiture of such conditions and hold the entire sum to be due and payable, there are none of these conditions which he has not a

perfect right to waive; nor can it ·be said that having elected to declare the entire sum due and payable on account of any default, he may not, upon such default having been removed, or for any other reason satisfactory to himself, waive his election and permit the contract of indebtedness to continue under its original terms.  Such being the law, therefore, it became in this case solely a question of fact for the jury as to whether or not plaintiff in error, upon the acceptance by him of the interest due, waived his notice of election and permitted the indebtedness to continue in force under its original terms. * * * The mere acceptance of interest after the notice of forfeiture would not, of itself, revive the contract, as one may accept payment of part of his indebtedness without thereby waiving his right to receive the balance; but where one accepts the entire amount as due according to the contract, it becomes a question of fact whether it was intended to waive such forfeiture."

In *American Loan and Trust Co.* v. *Union Depot Co.* 80 Fed. Rep. 36, it was held that "when a suit for the foreclosure of a mortgage has been commenced, based on a default in payment of interest, the cause of action does not fail, and the right to maintain the suit is not waived by the mortgagee's acceptance of interest, * * * while other installments of past-due interest remain unpaid." Under these authorities, and others which might be referred to, we are of the opinion that the mere acceptance on September 12, 1899, by defendant in error of the payment of the coupon interest note, which fell due on August 24, 1899, did not amount to a waiver of the previous declaration of forfeiture, or of the right to maintain the foreclosure suit, the over-due coupon interest note, which matured on February 24, 1899, still remaining unpaid.

Nor do we think that the evidence shows anything in the conduct of the parties to indicate that they intended the payment, made on September 12, 1899, to operate as a waiver of the right to maintain the foreclosure suit.

The defendant in error declined to accept the payment, until his attorney was sent for and the advice of the latter was taken in reference to the matter. The plaintiff in error, the mortgagor, made the payment under protest, for the reason that he claimed a set-off, and was unwilling to do anything, which would look like a waiver of his right to insist upon such set-off. The plaintiff in error, Curran, claimed upon the hearing that the note and mortgage, sought to be foreclosed, were not owned by the defendant in error, Houston, but were really owned by George E. White, and that White was indebted to him upon a lease in a certain amount, which he had a right to offset against the amount claimed to be due in the foreclosure suit. Accordingly, it was distinctly understood and agreed between Curran and Houston on September 12, 1899, when the payment was tendered and accepted, that "the conditions and equities between them were to remain unchanged and unaffected by this payment." If the conditions and equities between the parties, being on the one side the right to prosecute the foreclosure suit, and on the other the right to insist upon the set-off as a defense, were to remain unchanged and unaffected by the payment, it cannot be said that the previous forfeiture, or declaration of whole amount due, was waived by such payment.

Moreover, if the payment was intended by the parties to waive the forfeiture already declared, then the further prosecution of the foreclosure suit would have ceased, or at any rate the plaintiff in error would have insisted upon the cessation of it. But both parties proceeded after September 12, 1899, to take testimony before the master, and file objections and exceptions to the master's report, and to prepare the cause for hearing, thereby showing that there was not in the mind of either party at the time of this payment any idea that the forfeiture had been waived, or would be waived, or that the suit was to be abated, or that the election, previously made by Houston, to declare the entire sum due had been changed.

In the decree, rendered by the superior court dismissing the bill for want of equity, the chancellor found that the master in his report had properly refused to allow the claim for equitable set-off made by the plaintiff in error, and that such claim was not a proper or equitable subject for set-off, and the same was disallowed by the decree. No cross-error was filed by the present plaintiff in error when the case was taken to the Appellate Court. The decree dismissing the bill also found as follows: "That the complainant Houston presented to Richard Curran for payment coupon note No. two (2), being the one maturing by the terms thereof on August 24, 1899; that thereupon said Curran asked said Houston when said note became due, and that said Houston then and there declared that the said note became due on the 24th day of August, 1899; that said Curran thereupon informed said Houston that he would pay said note; that said Houston then and there accepted such payment and has always retained the money so paid to him; that these actions, proceedings and declarations of said Houston are inconsistent with the allegations in the bill to the effect that said Houston had declared the whole amount, secured by the trust deed, due for non-payment of interest, and that the suit herein was by reason thereof prematurely brought; that the presentation and collection of said note was, and is, a waiver of any forfeiture that said Houston might theretofore have declared." We do not concur with this finding made by the chancellor below, and think that the decree entered by him dismissing the bill, which was based upon that finding, was properly reversed by the Appellate Court. On the contrary, we concur with the following views, expressed by the Appellate Court in their opinion deciding this case: "The testimony as to the payment of the second coupon shows that there was not in the mind of either party any thought of waiver, while there was a manifest attempt by each not to have the payment operate as a change

201—29

of any condition then existing. Curran declared that he paid under protest, and Houston consulted his lawyer before accepting the $45.00. Curran seemingly was considering only the effect of payment upon his claim to set off what White owed to him. The declaration of the entire principal as due did not discharge the debt, nor stop the running of interest. Whatever payments were thereafter made discharged *pro tanto* the debt of Curran; appellant had a right to receive at any time all or a portion of what was due him, indeed could not refuse to take all or any portion. The mere payment or acceptance of interest after the declaration could not revive the contract or deprive the appellant, [defendant in error] of his right to have, or Curran to pay, at once all that was due. * * * By what process of reasoning a suit properly brought March 29, 1899, could by a payment made September 12, 1899, become prematurely brought, we do not understand. Even if prematurely brought as to the entire indebtedness, it was not as to the coupon that matured more than a month before the filing of the bill, which coupon is still unpaid.—*Morgenstern* v. *Klees*, 30 Ill. 422."

A motion has been made by the defendant in error to dismiss the writ of error upon the ground that this court has no jurisdiction to entertain the present case. The motion to dismiss was reserved to the hearing. The alleged ground, upon which it is claimed that this court is without jurisdiction, is that the judgment of the Appellate Court is not such a judgment as can be reviewed by this court upon appeal or by writ of error. By the judgment of the Appellate Court the cause was remanded to the superior court of Cook county "with directions to render a decree in accordance with the prayer of the bill." Section 90 of the Practice act provides that a cause can only be removed from the Appellate Court to the Supreme Court by appeal or writ of error "if the judgment of the Appellate Court be that the order, judgment or decree of the court below be affirmed, or if final judgment or decree

be rendered therein in the Appellate Court, or if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below, except to carry into effect the mandate of the Appellate Court." (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3153).

In the case at bar, the judgment of the Appellate Court certainly did not affirm the decree of the superior court, nor can it be said that the judgment of the Appellate Court was a final judgment, because it reversed the decree of the superior court, and remanded the cause. But we see no reason why the judgment of the Appellate Court was not such an one, that no further proceedings could be had in the court below, except to carry into effect the mandate of the Appellate Court. (*Gade* v. *Forest Glen Brick Co.* 158 Ill. 39).

The cause had been put at issue in the court below, and had been referred to the master, and proofs had been taken. The master had made a report to the court, finding the full amount due, and also finding that the solicitor's fee of $150.00, provided for in the mortgage, was due and was a reasonable fee. Under the judgment of the Appellate Court, remanding the cause "with directions to render a decree in accordance with the prayer of the bill," there was nothing to be done, when the cause went back to the superior court, but simply to enter a decree for the amount already found due by the master in his report, and to order a sale of the property upon non-payment of such amount. In other words, upon the remandment of the cause, it was the duty of the court below simply to enter an ordinary decree of foreclosure and sale; and this would be doing nothing more than carrying into effect the mandate of the Appellate Court. We are, therefore, of the opinion that the writ of error was properly issued from this court for the review of the judgment entered by the Appellate Court. Accordingly, the motion to dismiss the writ of error is overruled.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*