Argued at Pendleton May 6, reversed and remanded May 28, 1918.

## SWAN *v.* JONES.

(173 Pac. 249.)

**Chattel Mortgages—Wrongful Foreclosure—Payment—Question for Jury.**

1. Where mortgagor sues mortgagee for conversion of the mortgaged property seized and sold by mortgagee at mortgage foreclosure sale, evidence of an admission by mortgagee that an interest installment had been paid is sufficient to entitle mortgagor to have jury pass on question of whether it had been paid.

**Chattel Mortgages—Default in Interest—Right to Foreclose.**

2. Where a mortgage provided that upon default in payment of interest the entire debt should mature at option of mortgagee, failure to pay interest when due gave mortgagee right to declare entire amount due, and where mortgage was foreclosed upon default in payment thereof, the payment of the overdue interest before foreclosure did not make foreclosure premature.

**Chattel Mortgages—Provisions of the Contract.**

3. It was competent for the parties to a chattel mortgage to provide by the terms thereof that upon default in payment of interest, the whole sum of both principal and interest shall become due at the option of the holder of the note secured by the mortgage.

[As to title and rights of the holder of a mortgage on chattels after condition broken, see note in 96 Am. St. Rep. 682.]

**Chattel Mortgages—Default—Waiver.**

4. When mortgagor defaulted in payment of interest, and mortgagee thereupon declared entire amount due under a provision of the mortgage empowering him so to do, by accepting the overdue interest, mortgagee does not waive his right to treat the debt as matured.

**Chattel Mortgages—Default—Waiver.**

5. Where default in payment of interest gave mortgagee right to treat entire debt as due under the provisions of a mortgage so providing, he may waive such right.

**Trial—Instructions—Evidence—Exemplary Damages.**

6. In an action for conversion by mortgagor against mortgagee, where there was evidence of malice, though meager, there was no error in instructing jury on subject of exemplary damages.

From Harney: DALTON BIGGS, Judge.

In Banc.

This is an action for the conversion of personal property. It appears that on November 28, 1914, plaintiff borrowed $1,000 from the defendant for which sum he gave his promissory note due one year from date. The note contained the following clause:

"Interest to be paid semi-annually and if not so paid, the whole sum of both principal and interest to become immediately due and collectible, at the option of the holder of this note."

A chattel mortgage on a band of horses was given to secure the debt. The mortgage provided that in case of default in the payment of the debt or any part of it, the mortgagee might take possession of the personal property and sell it at public or private sale.

An installment of interest matured May 28, 1915. It was not paid at the date of maturity and defendant contends that plaintiff has never paid it. In September, 1915, defendant sold the horses for the satisfaction of the debt, depositing in a bank at Juntura a small overplus to plaintiff's credit. On August 21, 1916, plaintiff brought this action, claiming that the sale of the horses was a conversion for the reason that there had been no default in the payment of interest. The jury found for plaintiff in the sum of $733.14.

From a judgment entered on this verdict defendant appeals.        Reversed and Remanded.

For appellant there was a brief with oral arguments by *Mr. P. J. Gallagher* and *Mr. William H. Brooke.*

For respondent there was a brief and an oral argument by *Mr. Charles W. Ellis.*

McCAMANT, J.—1. It appears by the testimony of both parties that plaintiff defaulted in the payment of the interest on his note which matured May 28, 1915, and that while he was so in default defendant elected to declare the entire debt due. The evidence is in hopeless conflict on the question of whether plaintiff subsequently paid the overdue interest. For the purpose of this opinion it is unnecessary to review the evidence beyond the statement that there was evidence of an admission by defendant that he had received this installment of interest. Plaintiff was therefore entitled to go to the jury on this issue.

2. The court instructed the jury as follows:

"I therefore instruct you, gentlemen, if the interest on this note was not paid when due, that that gave to the defendant, William Jones, in this case, the option to foreclose this mortgage; and if he exercised that option and did foreclose it, the foreclosure was not premature, if the interest was not paid at the time. This is an issue in this case which you must determine from all of the evidence that has been introduced, whether or not the interest on this note was due at the time of the foreclosure of the mortgage. If so, the foreclosure was not premature. If the interest was not due; if the interest had been paid by the plaintiff, then the foreclosure would be premature."

It will be noted that the jury was instructed as a matter of law that if plaintiff had paid this installment

of interest prior to the foreclosure, the foreclosure was premature.    This we believe to be error.

3–5.  It was competent for the parties to provide by their contract that a default in the payment of interest should mature the entire debt at the election of defendant.    It appears that there was such default and that while the default continued defendant elected to declare the entire debt. due.    Plaintiff testifies to these facts.    The subsequent payment of the overdue interest liquidated a part only of that which was presently payable by plaintiff to defendant.    The acceptance of such payment was in no wise inconsistent with the election which the defendant had made and it therefore did not waive defendant's right to treat the debt as matured: *Van Vlissingen* v. *Lenz,* 171 Ill. 162 (48 N. E. 422); *Swearingen* v. *Lahner,* 93 Iowa, 147 (61 N. W. 431, 433, 57 Am. St. Rep. 261, 26 L. R. A. 765); *Caldwell* v. *Kimbrough,* 91 Miss. 877 (45 South. 7, 10); 9 Ency. Pl. & Pr. 237; 2 Jones on Mortgages (6 ed.), § 1182.  It was of course competent for defendant to waive his election to treat the debt as due and if such waiver had been pleaded by plaintiff in his reply, plaintiff's evidence entitled him to go to the jury on this issue.    The vice in the instruction above quoted lies in the fact that the jury was advised as a matter of law that if the interest had been paid prior to the foreclosure, defendant had no right to·foreclose.

6. It is contended that the court erred in instructing the jury on the subject of exemplary damages.    The pleadings lay a proper foundation for this charge. The evidence tending to show malice on the part of defendant is meager; but plaintiff is entitled in support of the verdict to the benefit of every inference which a reasonable mind could draw from the evidence. There is evidence that defendant was exasperated at

what he regarded as dishonorable conduct on the part of plaintiff; the horses were seized and sold without plaintiff's knowledge while plaintiff was attending court at Boise, Idaho; there is some evidence that defendant purchased two of the horses at his own sale and that the sale was conducted in a manner calculated to dispose of the horses for less than their value. We are unable to say that no reasonable man could infer malice from this record and we therefore cannot say that the court erred in instructing on the subject of exemplary damages. The instruction given did not tell the jury that plaintiff under any hypothesis would be entitled to smart-money. The instruction given conformed strictly to the rule announced in the authorities relied on by defendant: *Knight* v. *Beyers,* 70 Or. 413, 417 (134 Pac. 787); *Fink* v. *Thomas,* 66 W. Va. 487 (66 S. E. 650, 19 Ann. Cas. 571); *Robinson* v. *Superior Rapid Transit Ry. Co.,* 94 Wis. 345 (68 N. W. 961, 59 Am. St. Rep. 897, 34 L. R. A. 205, 206); *Haberman* v. *Gasser,* 104 Wis. 98 (80 N. W. 105); *Sneve* v. *Lunder,* 100 Minn. 5 (110 N. W. 99).

Because of the error above noted the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.