HENRY, Plaintiff and Respondent, vs. FIRST NATIONAL BANK OF MADISON, Garnishee Defendant and Appellant: MADISON AERIE No. 623, FRATERNAL ORDER OF EAGLES, Principal Defendant.

*September 14—October 10, 1933.*

590

For the garnishee defendant and appellant the cause was submitted on the brief of *Bagley, Spohn, Ross & Stevens* and *Bull, Biart & Bieberstein,* attorneys for the principal defendants, all of Madison.

*George F. Lange* of Madison, for the respondent.

FOWLER, J. At the time of the service of the garnishment summons the principal defendant had on deposit in three separate checking accounts, exclusive of a trust account, an aggregate of $958.02. The bank held two notes of the principal defendant, of $3,000 each, payable in instalments at specified dates. The notes contained an acceler-

ation clause as follows: "Failure to pay any instalment as the same becomes due shall render the entire obligation then due and payable."

An instalment of $250 fell due upon each note February 1, 1932, the amounts of which were paid and indorsed on the notes the day following. Payments of the amounts of the instalments due up to July 1st were made on or before the due dates. On July 1st, $50 of a $150 instalment remained unpaid, and instalments of $150 due on August 1st were not paid at the due dates. On August 3d there was paid on the notes sufficient to make up the amount of these instalments. At none of the times when payments were made was anything said. There was merely an acceptance of the amount paid and an indorsement of the payments on the notes. Nothing was ever said about extending the time of payment of the notes or waiving the defaults of non-payment of the instalments on the due dates, and nothing was ever done about such extension or waiver unless the mere acceptance of the payments above stated operated as such. The garnishment summons was served on August 15th, and the bank thereupon applied the amount of the deposits upon the notes.

Upon the trial the court submitted to a jury a question whether the bank waived "its right to consider the notes . . . as being matured on August 15, 1932," to which the jury answered "Yes." Upon this verdict and the undisputed facts the court directed the judgment to be entered. The garnishee moved to change the answer of the jury from "Yes" to "No" on the ground that there was no evidence to support it and for judgment upon the verdict as amended, and assigns as error the denial of the motion. Its claims may be summarized as follows: (1) The notes were due as matter of law at the time the garnishment summons was served and it had the right to apply the deposits as part payment thereon; and (2) There was, as matter of law under the evidence, no waiver of this right. It is conceded by the

respondent that if the notes were due and the bank had not waived its right to consider them as due, the bank had the right to apply the deposits towards their payment.

(1) It was held in *Hodge v. Wallace,* 129 Wis. 84, 108 N. W. 212, under a clause providing that default in payment of interest when due should "cause the whole note to immediately become due and collectible," that failure to pay interest when due rendered the note due absolutely and not at the option of the holder. It is said in the opinion:

"To construe such language (that of the acceleration clause) as merely optional or permissive would be to destroy the clearly expressed contract which the parties made for themselves and to force upon them a contract to which neither of them ever gave his consent. The terms of the contract are so clear as to seemingly preclude construction."

The ruling was made in view of adjudication to the contrary expressly referred to and cited in the opinion. The law so declared has never been overruled or modified by the court. It must rule the point under discussion in favor of the appellant, unless we now repudiate it. This we decline to do. The law relating to negotiable instruments in particular should be both certain and stable. It should not be changed except for compelling reason.

(2) The notes being due immediately upon the default, they were due when the subsequent payments were made upon them, and acceptance of the payments thereafter tendered merely operated as part payment of the notes. The notes were due, and payments thereafter made merely operated to reduce the amount due thereon just as payments made after the due date specified in a note without an acceleration clause would so operate. A note in 19 A. L. R. 284 is cited to the effect that the general rule is that unconditional acceptance of past-due interest upon notes containing a clause accelerating payment for default in interest payments waives the acceleration. Nearly all of the cases cited in the note involve acceleration clauses expressly optional, and it is

pointed out that in some jurisdictions acceptance of interest after default in its payment does not so operate under acceleration clauses absolute as distinguished from expressly optional. And although the case to which the note is appended, *Fant v. Thomas,* 19 A. L. R. 280, 131 Va. 38, 108 S. E. 847, holds that under an acceleration clause in a mortgage similar to the clause here involved, acceptance of interest after default in payment waived the right to treat the principal sum as due, in the case reported in the volume next preceding the *Fant Case, Miles v. Hamilton,* 19 A. L. R. 276, 106 Kan. 804, 189 Pac. 926, it was held under a like clause that default of payment of interest when due rendered a note due at the time of the default and a subsequent payment of interest and a part of the principal did not postpone the due date to the date of original maturity or a new default. This is sufficient to indicate the division of authorities upon the subject. No useful purpose would be served by further discussion or citation of authorities.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with direction to enter judgment discharging the garnishee with costs.