Hillsborough,  } No. 3267.
Jan. 6, 1942. }

MICHAEL J. DUGAN *v.* MANCHESTER FEDERAL SAVINGS & LOAN ASSOCIATION, *& a*

*Sheehan & Phinney (Mr. Sheehan* orally), for the petitioner.

*David P. Prugh* and *Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Booth* orally), for the Association.

*John J. Broderick* and *McLane, Davis & Carleton (Mr. George F. Nelson* orally), for the Sofronas.

BURQUE, J. The bank had a right to foreclose. Two defaulted payments of taxes in addition to two defaulted monthly payments gave the bank that right. The foreclosure proceedings were regular; the publication complied with the provision in the mortgage, and forwarding of copy thereof complied with the statute. P. L., c. 215, s. 23. The statute does not provide that proof of receipt of notice sent by registered mail is a prerequisite to a right of foreclosure. If the petitioner is entitled to relief it must be on some other ground.

One of petitioner's positions is that he was misled because of the fact that the bank did not make a demand upon him for unpaid monthly dues and unpaid taxes previous to foreclosure, claiming it was a custom of the bank so to do. The court found such was the custom. This, however, does not help the petitioner. No such requisite is found in the note or mortgage. It was only optional with the bank to proceed by making a demand upon the mortgagor to make up his delinquencies within ten days, failing which the bank would foreclose. Whether the bank saw fit to do so in this instance does not defeat the bank's right to foreclose.

The next position is that acceptance of a monthly payment after foreclosure proceedings were started constituted a waiver of any

right it had to foreclose. The Presiding Justice does not find this to be the fact in the instant case. He does find that: "The Bank's entire course of conduct would have led a reasonable person in the position of the petitioner to have considered that the Bank, despite any provisions in the original note and mortgage, waived any right it had to foreclose because of any delinquency, and that the Bank agreed to keep the loan in good standing provided the petitioner continued to make his monthly payments of $36 seasonably." This avails the petitioner nothing here. To begin with, acceptance of part payment during foreclosure proceedings does not constitute a waiver as a matter of law. *Bergman* v. *Fortescue*, 74 N. J. Eq. 266; *Curran* v. *Houston*, 201 Ill. 422. Unless it is found the mortgagee did in fact accept the payment and waived its right to foreclose, the sale cannot be voided.

The principle of law enunciated in *Wheeler* v. *Slocinski*, 82 N. H. 211, 212; *Pearson* v. *Gooch*, 69 N. H. 208, 209; *Roberge* v. *Cyr*, 84 N. H. 204, 205, that the mortgagee in the exercise of the power of sale acts as a trustee of the mortgagor, and in the performance of his right to sell must exercise good faith and reasonable diligence to protect the rights of the mortgagor and use reasonable efforts to obtain a fair price for the property, in properly advertising and conducting the sale, does not apply in a case where the purchaser at the sale knew nothing about the lack of good faith or want of reasonable diligence on the part of the mortgagee in its discharge of its duty as trustee for the mortgagor. *Very* v. *Russell*, 65 N. H. 646, 649. As between the mortgagor and the purchaser, the former rather than the latter should suffer the loss, because by granting to the mortgagee the right to sell, the mortgagor put it in the mortgagee's power to work the injury through the execution of that power.

If, by reason of breach of duty on the part of the mortgagee, the property did not sell for a fair price and the mortgagor was therefore damaged, the remedy ordinarily would be in an action at law to recover such damage. *Very* v. *Russell, supra* 650. The court having found that "there is no evidence that they (the purchasers) had any knowledge of the transaction between the petitioner and the Bank other than they purchased the property at a mortgage sale foreclosing the title of the petitioner"; that "they did not know that petitioner did not possess actual knowledge of the foreclosure proceedings," and further that "they knew nothing of the bankruptcy proceedings," the purchasers must be found to be *bona*

*fide* purchasers for value, without notice of any irregularity, if any, on the part of the bank in its dealings with the petitioner in respect to the foreclosure.

Nor can we be concerned with the price paid for the property. It cannot be said to be so inadequate as to charge the purchasers with knowledge that they were buying at an unconscionable price and therefore should have been put on inquiry as to whether there was anything irregular about the whole proceedings. As appears in the statement of facts their total investment would be at least $4,390. There is no evidence they knew anything about real estate values, and there is no finding except that they "secured the premises at a very low price" that could warrant a conclusion of an attempt to deprive the mortgagor of his rightful equity in the premises.

The conclusion is that the purchaser's equity, being superior to that of the mortgagor's, the petition as to the defendants Sofronas cannot be maintained.

Not so, however, as to the bank. True it is there is no finding that the bank was remiss in its fiduciary duty towards the petitioner. That issue has not been passed upon. There is evidence from which the issue could probably be determined in favor of the petitioner, such as return of the registered letters unclaimed, a monthly payment while foreclosure proceedings were in process, and absence of the mortgagor at the sale, sufficient proof to the bank that the mortgagor did not know of the sale. It is a question of fact whether under such circumstances the bank should have adjourned the sale, seen to it that the mortgagor got actual notice of the proposed sale, given proper notice of the adjournment, and made reasonable efforts to obtain for the mortgagor what his equity was fairly worth. Equity jurisdiction existing, it embraces all matters arising from the case. Hence, the trial court (with or without jury as it may in discretion say), if it finds a breach of duty, may assess the damages in the suit.

*Case discharged.*

ALLEN, C. J., was absent: the others concurred.