493 P.2d 983

**UNITED STATES of America, Plaintiff and Respondent,**

v.

**COLOMBINE COAL COMPANY et al., Defendants and Appellants.**

**No. 12459.**

Supreme Court of Utah.

Feb. 3, 1972.

Jones, Waldo, Holbrook & McDonough, Donald B. Holbrook, Edward J. McDonough, Salt Lake City, for defendants and appellants.

C. Nelson Day, U. S. Atty., A. Pratt Kesler, Asst. U. S. Atty., Salt Lake City, Utah, for plaintiff and respondent.

ELLETT, Justice:

This appeal is from a judgment of foreclosure in a case brought by plaintiff on

two notes and the securities given therefor. One note, dated July 9, 1963, was made payable to Area Redevelopment Administration for $325,000. The other note, dated October 28, 1966, was payable to the Helper State Bank in the amount of $100,000. This loan was subsequently assigned to the Small Business Administration, hereafter called S.B.A.

The Area Redevelopment Administration, hereafter called A.R.A., expired in 1965, and the Economic Development Administration, hereafter called E.D.A., was created and given authority over the program theretofore belonging to the A.R.A. Although the E.D.A. was the holder and owner of the note for $325,000, all matters pertaining to the servicing thereof were handled by and through the S.B.A.

On September 23, 1963, an assignment of an insurance policy on the life of Dr. Colombo, president of the Colombine Coal Company, was made to the S.B.A. whereby the policy was to be held

> . . . as collateral security for any and all liabilities of Colombine Coal Company, a Utah corporation . . . to the Assignee, either now existing or that may hereafter arise in the ordinary course of business between Borrower . . . and the Assignee . . . . It is expressly agreed that all sums received by the Assignee . . . shall first be applied to the payment of one or more of the following in such order of preference as the Assignee shall determine: (a) Principal of and/or interest on Liabilities; (b) Premiums on the Policy; (c) Principal of and/or interest on Loans or advances made by the Insurer on the Policy.

Colombine Coal Company did not operate successfully and was unable to meet the payments provided for in the notes, and on December 1, 1969, the plaintiff gave due notice that pursuant to the provisions in the notes, it was accelerating all payments. Thereafter the plaintiff would not accept past due payments on either of the notes.

In early 1969 Dr. Colombo was killed in an aeroplane crash, and on January 15, 1970, the insurance company paid to the S.B.A. the sum of $79,226.83, the net amount due under the policy. This amount of money was received and credited to the unpaid interest and delinquent installments on the A.R.A. note, leaving a surplus of some $14,000, which amount Colombine Coal Company requested to be applied to the S.B.A. loan.

When E.D.A. received the proceeds of the loan, it reversed the entries made by the S.B.A. and applied the total sum to the end of the loan, claiming that since the S.B.A. was simply the servicing agent for the owner of the A.R.A. loan, it had no

authority to apply the loan proceeds and that only E.D.A. could properly do so.

This contention cannot prevail. The assignment of the proceeds of the insurance policy was not made to A.R.A. or to E.D.A. but was made to the S.B.A., as assignee, to cover future obligations as well as present ones. Also, the assignment specifically granted to the *assignee* the right to apply the funds as it saw fit. It gave no right to either A.R.A. or E.D.A. in that regard.

By accepting payment on delinquent interest and principal after notice of acceleration, the plaintiff waived its notice and reinstated the loan.[1] At trial the Colombine Coal Company tendered into court a check for $10,833.22, which together with the surplus insurance funds would, it claimed, bring the S.B.A. loan current. The tender was rejected.

It may be that the Colombine Coal Company is now in such arrears that it will not be able to pay the two notes, or it might be that if permitted, it could pay both notes in full. Until a new notice is served upon it, there is no way of knowing that. All we now hold is that by accepting payment on delinquent interest and installments after notice of acceleration had been given, the plaintiff waived the notice it had given.

The judgment is reversed. No costs are awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.

---

1. Swain v. Salt Lake Real Estate and Investment Co., 3 Utah 2d 121, 279 P.2d 709 (1955); O'Gorman v. Utah Realty & Construction Co., 102 Utah 523, 129 P.2d 981 (1942).