**PAUL LONDE & ASSOCIATES, INC.,**
Plaintiff-Respondent,

v.

**Arthur B. RATHERT and Lester O. Roth,**
Defendants-Appellants.

No. 35974.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 18, 1975.

Motion for Rehearing or Transfer to Supreme
Court En Banc Denied April 14, 1975.

Application to Transfer Denied
June 9, 1975.

Sumner, Hanlon, Sumner, MacDonald &
Nouss, Inc., John J. Inkley, Jr., Clayton,
for defendants-appellants.

Klamen, Summers, Wattenberg & Compton, Maureen Swihart, Clayton, for plaintiff-respondent.

WEIER, Presiding Judge.

Plaintiff is the holder of two promissory installment notes, the first of which (Note A) was executed jointly by both defendants, and the second (Note B) executed by defendant Rathert individually. Plaintiff filed suit for the balance due on both notes, for interest thereon, and for attorney fees expended in collection as provided in the notes. While the case was pending the balance on both notes was paid in full, and judgment was thereafter entered for the interest and attorney fees. Defendants have appealed.

The case was tried to the court on stipulated facts, which in relevant part are as follows:

(1) Both notes were executed in June, 1970, with monthly payments due on the first of each succeeding month and interest to be payable only at maturity.

(2) Both notes contained acceleration clauses providing in the event of default, at holder's option the balance could be declared immediately payable and the makers would pay all costs of collection, including reasonable attorney fees; that "[f]ailure at times to exercise such option shall not constitute a waiver of the right to exercise it later."

(3) By January 1, 1971 both notes had come into default.

(4) By letter dated January 11, 1971 plaintiff notified defendants that the acceleration option on both notes was being invoked, and immediate payment of the balances due was demanded.

(5) On January 14, 1971 plaintiff filed this suit in the circuit court.

(6) The January installment payment on Note A was paid by check dated January 15, 1971, and deposited by plaintiff on January 19. The late payments on Note B were paid by check dated January 21 and deposited by plaintiff on January 27. On both checks there was a marginal notation to the effect that the payment was for the late installments.

(7) Defendants received a letter from plaintiff dated January 28, 1971, again informing them that the notes had been accelerated and stating that the January payment on Note A would be credited toward the balance due on that note. A similar letter, dated February 4, informed defendants that the February payments, timely paid on both notes, would likewise be credited toward the balance due.

(8) Defendants continued making the monthly payments on both notes, and before judgment was entered both had been paid in full.

Judgment was entered against defendants for interest and attorney fees only. Defendants' contention on this appeal is that plaintiff, in accepting and depositing the late installment payments in January, waived or rescinded the acceleration clause. Thus it is argued that there was no default upon which to base the judgment.

■ Where a note contains an acceleration clause that confers upon the holder, after a default in performance by the maker, an option to treat the entire debt as due, and the debtor makes a tender of the amount actually due to the holder, the full amount does not become due merely upon the happening of the default. In such event the holder of a promissory note which is in default and which contains an acceleration clause at the option of the holder must exercise this option before the debtor makes a tender of the amount due. If the holder fails to exercise his option before a proper tender, he may waive or lose his option to treat the entire debt due. Capital City Motors, Inc. v. Thomas W. Garland, Inc., 363 S.W.2d 575, 578[2, 3] (Mo.1962). In that case, which held in favor of the debtor, the late payment was tendered before the holder had invoked the option to accelerate. In the case before us, however, late payments were made after notice of acceleration had been given and suit filed.

So far as we are able to determine, no Missouri case has previously dealt with the issue presented here. Decisions from other jurisdictions which have dealt with this issue are not in complete agreement. Some of the decisions indicate that mere acceptance of late payments does not constitute a waiver of the acceleration. Arata v. Downer, 21 Cal.App.2d 406, 69 P.2d 213, 215[3] (1937); McRae v. Federal Land Bank of Columbia, 36 Ga.App. 51, 135 S.E. 112[4] (1926); Barnwell v. Hanson, 80 Ga.App. 738, 57 S.E.2d 348, 353[7] (1950);

Curran v. Houston, 201 Ill. 442, 66 N.E. 228, 230[2] (1903); Van Vlissingen v. Lenz, 171 Ill. 162, 49 N.E. 422, 424 (1897); Dugan v. Manchester Federal Savings & Loan Ass'n, 92 N.H. 44, 23 A.2d 873, 875[6] (1942); Swan v. Jones, 88 Or. 706, 173 P. 249, 250[4] (1918); Henry v. Madison Aerie No. 623, Fraternal Order of Eagles of Madison, Wis., 212 Wis. 589, 250 N.W. 442, 443[2] (Wis.1933). Generally, the reasoning in the above cases seems to be that once the entire balance has become due by reason of the acceleration provision, the holder of the note is entitled to apply any forthcoming payment toward the balance. Other facts and circumstances, however, when taken with the proof of payment, may be considered as factual proof of waiver.

Other decisions have indicated that the acceleration provision of a note or other written obligation is waived by the payment of the amount in default after acceleration. Barday v. Steinbaugh, 130 Colo. 10, 272 P.2d 657 (1954); Colorado Kenworth Corporation v. Whitworth, 144 Colo. 541, 357 P.2d 626, 630[3] (1960); United States v. Colombine Coal Company, 27 Utah 2d 140, 493 P.2d 983, 984[2] (1972). See also Anno., 97 A.L.R.2d 997, 1013, § 7.

 We have concluded that the mere acceptance of a payment on a delinquent note does not waive an acceleration of payments which has already been invoked. Waiver is the intentional relinquishment of a known right. Greenberg v. Koslow, 475 S.W.2d 434 438[7] (Mo.App.1971). Where, as here, no express waiver is shown, in order to prove an implied waiver the acts or omissions of the party alleged to have waived his rights must be so consistent with and indicative of the intention to relinquish the particular right or benefit that no other reasonable explanation is possible. Berger v. McBride & Son Builders, Inc., 447 S.W.2d 18, 20[4] (Mo.App.1969). Here we have acceptance of a late installment payment, designated as such. This in itself, without other facts and circum-

stances, would not indicate that the holder of the note intends to waive or cancel the acceleration option which he had previously exercised. Moreover, the acceptance of the January checks and the deposit thereof was preceded by the filing of the suit and was followed within a few days by notice that the plaintiff considered the acceleration to be still in effect. Under these circumstances we cannot say that the decision of the trial court was erroneous as a matter of law.

The judgment of the trial court is affirmed.

DOWD and RENDLEN, JJ., concur.