St. Louis, Alton & Chicago Railroad Co. v. Castello.

---

THE ST. LOUIS, ALTON AND CHICAGO RAILROAD COMPANY, Defendant in Error, v. CASTELLO, Plaintiff in Error.

1. Where a sheriff in St. Louis county levies an execution upon personal property, a third person claiming the same may maintain an action against the sheriff for its possession without making claim thereto in accordance with the third section of the local act of March 3, 1855. (Sess. Acts, 1855, p. 464.)

2. A sheriff, under an execution against A., levied upon a lot of gold and silver and copper coins and paper currency belonging to B.; B., with a view to facilitate the institution of a suit by himself to test his title, substituted, in the hands of the sheriff, for the property levied on, bank bills of large denomination, the exchange being made by him and the sheriff under the understanding that suit would be brought by B. for the possession of the bank bills thus substituted. *Held*, that B. might, under such circumstances, maintain an action against the sheriff for the possession of the bank bills.

*Error to St. Louis Court of Common Pleas.*

This was an action against James Castello, sheriff of St. Louis county, to recover possession of six bank bills — five bills of the denomination of one hundred dollars, and one bill of the denomination of fifty dollars, all bills of the Bank of the State of Missouri. The facts as they appeared in evidence at the trial are substantially as follows: Under an execution in favor of one Joseph Farrell and against the Chicago and Mississippi Railroad Company, Castello, the defendant in the present suit, as sheriff, levied on a lot of gold,

silver and copper coins and paper currency. The moneys thus levied on did not belong to the defendant in the execution but to the St. Louis, Alton and Chicago Railroad Company. There was evidence tending to show that, while the moneys thus levied on were in the hands of the sheriff, the St. Louis, Alton and Chicago Railroad Company substituted therefor the bank bills sued for in the present action ; that this substitution and exchange were made to facilitate the institution of a suit by said company in assertion of its title, and under an understanding that the property thus substituted should be considered the property levied on instead of that first taken. Among other instructions which the court gave was the following: " 3. If the court believe from the evidence that the bank bills mentioned in the plaintiff's petition were the property of plaintiff, and were substituted for the property first levied on by the defendant, which was also claimed to be the property of the plaintiff, by agreement between plaintiff and defendant, for convenience in bringing a suit for the delivery of the same, with the understanding that it should be considered the property levied on instead of that first taken, and that it was so exchanged with notice that it was not the money of the defendant in the execution, and that it would be taken out of the defendant's hands, by an order of the court, in a suit for the claim and delivery of property, then such exchange is not a voluntary payment to the sheriff, and the plaintiff is entitled to recover in this action."

The court found for the plaintiff.

*H. N. Hart*, for plaintiff in error.

I. The money first levied on was never claimed by plaintiff. We have no facts to establish that it ever did belong to it. The five one hundred dollar bills and the one fifty dollar bill did belong to the comyany, yet, as they voluntarily exchanged them with the plaintiff for different property, which was levied on, and as no levy was made on said bills, the defendant was entitled to a judgment, and the court improperly gave the instructions for the plaintiff.

*G. P. Strong*, for defendant in error.

I. It was not necessary to make claim to the property according to the provisions of the third section of the local act of March 3, 1855. (Bradley v. Holloway, 28 Mo. 150.) There is no ground for contending that the bills sued for were paid on the execution as a voluntary payment. The understanding under which the substitution was made was fairly submitted to the jury.

NAPTON, Judge, delivered the opinion of the court.

The liability of the sheriff to an action of replevin, under the circumstances of this case, is settled in the case of Bradley v. Holloway, 28 Mo. 150.

The exchange of bank notes for the convenience of bringing suit could not, of course, be regarded as a voluntary payment to the sheriff, or a waiver of claim on the part of the railroad company, and the understanding of the parties to it at the time of its occurrence having been submitted as a fact to be passed upon under proper instructions, there is no ground for disturbing the verdict and judgment. The other judges concurring, the judgment of the court is affirmed.