STATE OF MISSOURI ex rel., EMMA G. BLANKE, Appellant, v. A. A. SLAYBACK et al., Respondents.

**St. Louis Court of Appeals, November 19, 1901.**

1. **Indemnity Bond: STATUTORY CONSTRUCTION.** In the case at bar, the following bond given under the provisions of section 2. article 20, Revised Code 1899, page 2550, contains all and more than the statute requires, and fills all the statutory requirements of an indemnity bond: "Now, if the aforesaid plaintiff shall indemnify said constable against all damage and costs which he may sustain in consequence of the seizure and sale of the property aforesaid, under said writ, and moreover, shall pay to and satisfy said claimant or any person or persons, claiming title to said property and damages which said person or persons may sustain in consequence of said seizure and sale, then this obligation shall be null and void, otherwise in full force and effect."

2. **Payment: WHEN INVOLUNTARY.** A payment can be considered involuntary when it is made to procure the release of the person or property from detention, as where the other party is armed with apparent authority to seize upon either, and payment is made to prevent it.

3. ———: ———: ———: **DURESS: DEMAND.** In the case at bar, the demand was made by the respondent, "pay or we will sell your goods;" and this was certainly obtaining money by duress.

Appeal from St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

REVERSED AND REMANDED.

STATEMENT OF THE CASE.

This was an action by appellant against respondents on an indemnifying bond given by said respondents to the State of Missouri in the sum of two hundred and fifty dollars.

The petition in this cause shows that on March 17, 1900, Fidelio C. Sharp, as trustee of Alice A. Slayback, obtained a judgment against one D. J. Blanke in the sum of one hundred and eight and eighty-five one-hundredths dollars, and caused an execution to be issued thereon; said execution was levied on certain personal property in said bond described and in the petition claimed by appellant and by her valued at one hundred and twenty-five dollars. That thereupon appellant, on oath as by law provided, claimed said property so levied upon, whereupon said defendant Sharp and Slayback executed and delivered to the constable who made said levy, a certain indemnifying bond with defendant Herman A. Haeussler, as surety thereon, conditioned, that whereas said execution had been issued in favor of said defendant Sharp, trustee, and directed to Edward A. Morrissey, constable, and that said constable has executed said writ by taking as the property of said D. J. Blanke, certain property in said bond described. The condition of the said bond is as follows:

"Now, if the aforesaid plaintiff shall indemnify said constable against all damage and costs which he may sustain in consequence of the seizure and sale of the property aforesaid, under said writ; and moreover shall pay to and satisfy said claimant or any person or persons claiming title to said property all damage which said person or persons may sustain in consequence of said seizure and sale, then this obligation shall be null and void, otherwise in full force and effect."

The petition then recites that upon the execution and delivery of said bond to said constable, said constable retained possession of said property, and, under the direction of defendant Sharp and Slayback, threatened to sell and carry away said property, which was in appellant's office, where she carried on a general fire insurance business, and that said constable remained in possession of said property by virtue of said execution and levy, threatening to carry away and sell

the same and greatly harassing and annoying the appellant and stopping her business transactions. And that thereafter defendant Sharp, trustee, demanded of appellant the sum of one hundred and eight and eighty-five one-hundredths dollars for the release of appellant's said property and declared that if the same was not forthcoming at once he would cause said constable to take away said property and sell the same, which threats appellant readily believed, and to prevent said threatened removal and sale, and to have said property released from said levy and interference, appellant paid, under protest, to respondent Sharp, trustee, one hundred and eight and eighty-five one-hundredths dollars.

Appellant then prayed for a judgment against said defendants for the penalty of said bond to be satisfied on payment of one hundred and eight and eighty-five one-hundredths dollars with interest. A demurrer to the petition was sustained and judgment entered thereon for defendants, from which plaintiff appealed.

No brief for appellant furnished reporter.

*C. S. Broadhead* and *F. C. Sharp* for respondent.

BLAND, P. J.—The bond sued on was given under the provisions of section 2, article 20, Revised Code 1899, page 2550. The bond is one of indemnity. By its terms it indemnifies the constable, the claimant and "any person or persons claiming title to the property levied on." It contains all, and more, in the way of indemnity, than the statute requires but this fact does not divest it of the character of a statutory bond, inasmuch as it indemnifies the claimant as required by the statute and herein it fills all the statute requires. Section 4 of the act gives the claimant the right to sue on the bond if he be "injured *or* damaged in consequence

of the levy or sale and shall in good faith be the owner of the interest in the property *levied* on or *sold."* The express right to recover for injury or damage is given by the statute which may accrue to the claimant by reason of the levy alone or by both the levy and sale of the property claimed. Appellant alleges the value of the property levied on, her ownership therein, the use to which it was devoted in her business as an insurance agent, the obstruction of her business by the detention of the property and that to regain possession of the property and to resume her business she was compelled to pay and did pay one hundred and eight and eighty-five one-hundredths dollars. The allegations of the petition show that the property of the appellant was taken from her, not by any legal process against her, but on process against a third party on the false assumption that the property levied on was the property of the defendant in the execution. In such circumstances the seizure and levy was in its inception a trespass committed by the constable, from the consequences of which he is relieved solely by the indemnity bond and the statute under which it was given. By the giving of this bond the respondent stepped in and shouldered the burden that would have been on the constable's shoulders had no bond been given and had he held on to the property and compelled the appellant to pay one hundred and eight and eighty-five one-hundredths dollars before he would agree to release it to her. The demand was made by the respondent, "Pay or we will sell your goods;" if this was not obtaining money by duress we are unable to understand what is meant by compulsory payment. In Niedermeyer v. Curators of State University, 61 Mo. App. l. c. 660, the Kansas City Court of Appeals, said: "A payment can be considered involuntary when it is made to procure the release of the person, or property from detention, or where the other party is armed with apparent authority to seize upon either, and payment is made to prevent it." To

the same effect is Wolfe et al. v. Marshall et al., 52 Mo. 167; Westlake & Button v. The City of St. Louis, 77 Mo. 47; Brewing Ass'n v. St. Louis, 140 Mo. 419 and Douglass v. Kansas City, 147 Mo. 428. In St. Louis, Alton & Chicago Railroad v. Castello, 28 Mo. 379, where a sheriff under an execution against A levied upon a lot of gold, silver and copper coins and paper currency belonging to B. B with a view to facilitate the institution of a suit by himself to test his title substituted in the hands of the sheriff for property levied on, bank bills of large denominations. The change was made by him and the sheriff under the understanding that suit would be brought by B for the possession of the bank bills thus substituted. It was held that the delivery of the bank bills to the sheriff was not a voluntary act and that B might, under the circumstances, maintain an action against the sheriff for the possession of the bank bills.

The petition states a meritorious cause of action. On the facts as alleged the plaintiff is entitled to recover the one hundred and eight and eighty-five one-hundredths dollars which she was compelled to pay to procure the release of her property and other damages, if any, which she may have sustained by reason of the loss of the use of her property while in the custody of the constable.

The judgment is reversed and the cause remanded. All concur.