[Civ. No. 9927.   First Appellate District, Division One.—May 6, 1936.]

JOHN L. KIDD, Appellant, v. STATE CIVIL SERVICE COMMISSION OF CALIFORNIA et al., Respondents.

M. F. Ryan and James H. McKnight for Appellant.

U. S. Webb, Attorney-General, and Darwin Bryan, Deputy Attorney-General, for Respondents.

TYLER, P. J.—This is an action brought for the purpose of obtaining a writ of *mandamus* directing and commanding defendants to reinstate plaintiff as institutional storekeeper

at Agnew State Hospital, a position from which he was removed, and to recover damages for loss of wages from the 5th day of October, 1933, to such time as he may be reinstated. Plaintiff's salary was $110 a month with maintenance. At the conclusion of the trial the court found that plaintiff take nothing by his complaint, defendants to be dismissed with their costs.

The facts, which are practically without dispute, show that plaintiff and appellant was on September 18, 1933, a permanent civil service employee of the state of California employed at Agnew State Hospital as institutional storekeeper. Respondent, Dr. J. M. Scanland, at such time was medical superintendent of said hospital with full power of direction of appellant as said storekeeper. On said last-named day the doctor summoned appellant to his office and there in the presence of a Mr. Titlow, the office manager, demanded appellant's written resignation as storekeeper, to take effect at once. Appellant asked concerning the nature of the charges against him and was informed that he was inefficient in his duties. Appellant expressed his unwillingness to resign, whereupon the doctor informed him that if he resigned he might be reinstated and that he would not stand in his way but would join in his request for reinstatement. Appellant testified that Mr. Titlow, the office manager, gave him the same advice. Appellant then informed the doctor that he would think the matter over, whereupon he was informed that he would have to sign a resignation at once or he would be dismissed and out of civil service for all time. The resignation presented was dated September 18, 1933. Appellant claimed that he was entitled to a vacation, to which suggestion the doctor agreed and requested his secretary to draw up a new resignation effective October 5, 1933. Appellant testified, and his testimony is not disputed, that he inquired of Dr. Scanland whether he would be permitted to withdraw his resignation during the interim if he so desired, and was informed by the doctor that he would have the right to reconsider it and might withdraw it up to the time it became effective. Appellant believing the statement of the doctor, that he could be immediately discharged and thereby lose his civil service standing unless he signed the resignation, complied with the demand. The resignation was immediately accepted by the

doctor and forwarded by him to the Department of Institutions at Sacramento and a successor was appointed to appellant's position prior to the time his resignation became effective. Within a few days after signing the resignation appellant wrote to the Civil Service Commission regarding his status in view of his resignation and was informed by that body that any employee who resigned could not have his name restored to the eligible list, but could be reinstated to the same or similar position on recommendation of the appointing officer. Upon receiving this information appellant, on October 1, 1933, wrote to Dr. Scanland informing him that he could not be reinstated, without his recommendation, to the position from which he had resigned, and asked for such recommendation. The doctor informed appellant in effect that he could not comply with the request as such act on his part would hardly be consistent with his action in removing appellant, and this notwithstanding his admitted promise to appellant that if he applied for reinstatement he would not stand in his way but would ask for appellant's reinstatement on the civil service list. Appellant thereupon, on the afternoon of October 5, 1933, so the court found, prepared and left in the office of Dr. Scanland a withdrawal of his resignation. This was prior to the time the resignation was effective, the resignation reciting that appellant's services ended on October 5, 1933, at 5:30 P. M.

Under all these circumstances we held in a former opinion that appellant's resignation was obtained from him under coercion and duress and that the same was not his free and voluntary act, and further, that his dismissal was not in accordance with civil service rules which require written charges of the specific acts complained of. (Amended, Stats. 1929, chap. 136, p. 251.)

In a petition for a rehearing it was claimed by respondents that appellant had a hearing before the State Civil Service Commission on the charge of inefficiency. Upon this showing a rehearing was granted and there has been filed for record in the case a transcript of the proceedings had before that body from which it appears that a petition was filed by appellant for a hearing of the entire proceedings. The petition was granted and the question of appellant's inefficiency was fully gone into by the commission and the

charge found to be true. This hearing was all that appellant was entitled to, and the question of the irregularity in his dismissal therefore becomes unimportant.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 2, 1936.