Jerry Nechanicky, Administrator of the Estate of Joseph Nechanicky, Deceased, Plaintiff-Appellant, v. Morton Park Federal Savings and Loan Association of Cicero, Defendant-Appellee.

Gen. No. 48,394.

First District, Second Division.
November 14, 1961.
Rehearing denied December 12, 1961.

William S. Kleinman, of Chicago, for appellant.

Otto J. Rouse, and Russell & Bridewell, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Joseph Nechanicky was the holder of three share accounts in the Morton Park Federal Savings and Loan Association of Cicero, one acquired in 1952 and two in 1956, and thus became a member of the association. From time to time he made deposits in the accounts. The accounts were also credited with dividends. On July 1, 1958, there stood to his credit in Account 10538, $10,682.03, in Account 13852, $10,744.91 and in Account 13853, $8,223.69. He also purchased from the United States Government, through the association, bonds issued in his name, which with accrued interest on July 1, 1959, had a value of $4,560. On August 27, 1958, Joseph Nechanicky died, leaving surviving as his only heirs at law and next of kin two sons, Jerry, a resident of Illinois, and Charles, a resident of California. On September 5, 1958, the Probate Court of Cook County issued letters of administration to Jerry.

The administrator instituted a citation proceeding against Suzanne L. Cermak and her husband Louis J. Cermak for discovery and an order that the described funds of $34,148.63 be delivered to him as assets of the estate of his father. In the citation proceeding, to avoid protracted litigation, the administrator accepted an offer in compromise by the Cermaks under which they would retain $11,000 and the balance of $22,785.65 would be delivered to the administrator. The offer was approved by the Probate Court on February 2, 1959. The association, through its agents and attorney, participated in the consummation of the settlement, produced the $22,785.65 which was delivered to

445

the administrator in open court and the citation proceeding was dismissed.

On December 16, 1959, the administrator filed a verified complaint against the association alleging that on July 1, 1958, in total disregard of the rights of decedent and in violation of the fiduciary duties and obligations thereto appertaining and owing by defendant to decedent, the defendant, its officers and agents caused and permitted the name and signature of Suzanne L. Cermak to be added to the records and signature cards relating to the "savings accounts" of decedent so as to make Suzanne L. Cermak appear as an ostensible co-owner of the "respective bank accounts and the money represented thereby," although in fact she was not an owner or co-owner, that in further violation of the contractual and fiduciary obligation the defendant owed to decedent, on July 7, 1958, it permitted Suzanne Cermak to withdraw and transfer all of the funds and monies belonging to decedent standing to his credit in the accounts to the sole credit, use and benefit of Suzanne L. Cermak and her husband without consideration and without the direction or authorization of decedent, and that the wrongful transfer of decedent's accounts, credits and monies was made by defendant at the sole direction and request of Suzanne L. Cermak.

Plaintiff further represented that Account 10538 with a then balance of $10,684.03, was transferred into new account 15574 in the association in the sole name of Suzanne L. Cermak, Account 13852 with a then balance of $10,744.91, was transferred into new Account 15575 in the association in the sole name of Louis J. Cermak, husband of Suzanne, Account 13853, with a then balance of $8,223.69, was transferred into new Account 15776 in the association in the joint names of Suzanne L. Cermak and Louis J. Cermak, her husband; that defendant also "cashed" the Government bonds

446

which were the property of decedent, but failed to deliver the proceeds to decedent; and that defendant delivered $3,420 of proceeds to Suzanne L. Cermak and $1,140 to Louis J. Cermak. Plaintiff asks judgment against the association for $11,000, plus costs, attorney's fees, expenses, interest and punitive damages.

Defendant filed a motion to dismiss the complaint and for judgment. The motion does not specify the section of the Civil Practice Act under which it is filed. It is in fact filed under the requirements of Sections 45 and 48. The motion attacks the complaint for substantial insufficiency in law under the authority of Section 45, and on grounds not appearing on the face of the complaint under Section 48, supported by affidavits and documents. Plaintiff appeals from an adverse judgment. The case may be disposed of on the motion under Section 45. We disregard the affidavits and documents under Section 48 and the "answer" thereto filed by plaintiff. Motions to dismiss admit facts well pleaded but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which the conclusions rest. Skidmore v. Johnson, 334 Ill App 347, 357, 79 NE2d 762. Plaintiff's complaint for relief must stand on the allegations of ultimate fact. He alleges as a conclusion that there existed a fiduciary relationship between the association and decedent by virtue of opening accounts by decedent. He does not allege any facts which set up the relationship, nor does he allege any act of fraud or wrongful conduct by which the assumed fiduciary relationship is violated. Fraud is never presumed. It must be pleaded and proved. Fraud must be shown by the allegation of facts from which it is the necessary or probable inference. Fraud cannot be made out by the interpolation of adjectives characterizing acts alleged to be done as fraudulently done. In Smith v.

Board of Education, 405 Ill 143, 89 NE2d 893, the court said (148): "It is not enough to merely use the terms 'fraud' or 'fraudulently' in a complaint, because the unexplained use of such terms alleges nothing. Such allegations must include the facts upon which they are based, and a general charge that a party acted fraudulently or was guilty of fraud is not good pleading for the reason that only a conclusion of the pleader is stated." See also Sulinski v. Humboldt & Wabansia Bldg. Corp., 315 Ill App 392, 402, 43 NE2d 181. The complaint fails to show violation of any fiduciary duty or fraud, and the court was right in deciding that it is vulnerable to a motion to dismiss.

The judgment is affirmed.

Judgment affirmed.

FRIEND, P. J. and BRYANT, J., concur.