THE PEOPLE *ex rel.* EDWARD A. MARCOLINE, Plaintiff-Appellant, *v.* JOSEPH E. RAGEN *et al.,* Defendants-Appellees.

(No. 54010;

First District—April 13, 1971.

*Rehearing denied June 1, 1971.*

Richard F. McPartlin, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe, Bernard Genis, and Herman Tavins, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE McCORMICK delivered the opinion of the court:

Plaintiff, Edward A. Marcoline, the relator herein, brought an action in the Circuit Court of Cook County, seeking a writ of *mandamus* to compel defendants to reinstate him to his former position with the Illinois State Highway Police. A judgment order was entered granting defendants' motion to dismiss plaintiff's amended complaint, and it is from that order that this appeal has been taken.

According to the record, the plaintiff was appointed to the Illinois State Highway Police on October 18, 1943, and promoted to the rank of sergeant on April 1, 1948. On June 19, 1962, he was questioned by Captain Hall of the State Police concerning payments, gifts or gratuities which plaintiff or other members of the State Police had accepted. He was allegedly promised that if he cooperated in the investigation he would not be transferred or demoted. At another interrogation on June 23, 1962, the plaintiff again answered questions concerning gratuities, and signed a typed statement. The record does not disclose what information was contained in the statement or what statements were made by plaintiff during the questioning.

On July 3, 1962, the plaintiff was suspended, pending the disposition of the complaint filed against him, charging him with accepting gratuities. The complaint was filed with the Police Merit Board, and a copy was sent to the plaintiff, along with advice that he would be given at least ten days' notice before a hearing was set.

On August 15, 1962, plaintiff tendered his signed resignation, effective immediately, and it was accepted on August 17, 1962, by William H. Morris, Superintendent of the Illinois State Highway Police, effective as of July 3, 1962. When plaintiff later requested that his resignation be withdrawn, the request was denied.

Plaintiff's amended complaint alleged, among other things, that after his suspension, he was persistently requested by Captain Hall and Assistant Director McMahon to see them with reference to certain matters, but that the matters were never disclosed to plaintiff. The complaint alleged that telephone calls were made to plaintiff's home at all hours of the day and night, which calls constantly harassed his wife and

threatened her, saying that plaintiff would be put in jail. It was further alleged that there was publicity in the local newspaper concerning plaintiff's admitted receipt of Christmas gifts.

It is plaintiff's contention that his resignation was not a free and voluntary act, but was rather the result of the continuing acts of harassment by defendants through their agents, the pressure and embarrassment placed upon plaintiff by such tactics, the publicity and financial distress suffered by plaintiff through his suspension without pay, with no indication as to when his charges would be heard, and because he was allegedly advised that his resignation could subsequently be withdrawn.

The trial court dismissed plaintiff's amended complaint, on the ground that the allegations of duress and coercion were conclusions only, and that the complaint was insufficient since it did not allege facts from which it could have been inferred that the resignation was the product of duress perpetrated by defendants. The court further stated that because plaintiff had admitted accepting gratuities, a writ of *mandamus* would serve no useful purpose inasmuch as accepting gratuities constitutes grounds for dismissal. We agree that the allegations of duress in plaintiff's amended complaint are mere conclusions and do not disclose facts to support a finding that his resignation was the product of duress and coercion.

In his amended complaint plaintiff has alleged that defendants, through their agents, were guilty of continuous harassment; that the tactics employed to accomplish this harassment allegedly consisted of threats of his incarceration, telephone calls at all hours, publicity in the local newspaper, suspension without pay, and the promise that plaintiff could subsequently withdraw his resignation.

First, there were no facts presented which would support the conclusion that the persons allegedly committing the acts complained of were agents of the defendants. (See *Parrino v. Landon,* 8 Ill.2d 468.) The tactics alleged by plaintiff do not constitute duress or coercion. The complaint charges that plaintiff's wife received a threatening telephone call advising that plaintiff would be jailed. However, the complaint contains no facts from which it could be concluded that the person or persons allegedly making the threat had the ability to carry it into execution. In *Youngs v. Simm,* 41 Ill.App. 28, at page 29, the court said:

"Where the party making the threats is not, and is not represented to be, in any position, and has no means for carrying out his threat other than such as are possessed by all members of the community, that is; where the liberty of the person against whom the threat is made is in no wise restrained and the threatener has made no com-

plaint, has no warrant, and is not represented to have, and neither has or appears to have, at hand or within his control any means for carrying into execution his announced purpose, mere threats of arrest do not constitute duress.

The threat must be such as would naturally excite such a fear as would overcome the will of a person of ordinary courage; and such fear must be grounded upon reasonable belief that the person who threatens has at hand the means for carrying his threat into present execution. [Citing cases.]"

The complaint under consideration merely contains assertions that threatening telephone calls were made to plaintiff's home, but it cannot be concluded from these allegations that any fear which plaintiff may have suffered was based upon a reasonable belief that the threat to put him in jail would have been executed.

The claim that plaintiff was subjected to embarrassment due to publicity in the newspapers, also will not constitute duress. In *Kaplan v. Kaplan*, 25 Ill.2d 181, the court held that personal embarrassment or the threat of it does not constitute duress, and at page 188 the court stated:

"We have said before that duress is not shown by subjecting one to annoyance or vexation, (*Stoltze v. Stoltze*, 393 Ill. 433, 442; *Burandt v. Burandt*, 318 Ill. 218, 226,) and it is our belief that a threat of personal embarrassment does not rise above annoyance and vexation."

In the case before us, the plaintiff cannot really complain of the newspaper publicity, since it concerned his accepting gratuities, and any personal embarrassment he may have suffered cannot be said to be the result of the publicity, but the result of his admitted wrongful conduct.

■■ Plaintiff's allegation of duress resulting from his suspension without pay is also unwarranted. A prerequisite to a finding of duress is that the conduct complained of be wrongful. (*Hart v. Strong*, 183 Ill. 349; *Kaplan v. Kaplan*, 25 Ill.2d 181; 25 Am.Jur.2d, Duress and Undue Influence § 13; Restatement of Contracts § 492.) While plaintiff admitted accepting gratuities, which conduct has been held to constitute grounds for discharge (*Johnson v. State Police Merit Board*, 99 Ill.App.2d 458), it certainly cannot be said that plaintiff's suspension, pending the determination of his case, was wrongful and constituted duress.

■■ Concerning plaintiff's contention that he was "duped" into submitting his resignation on the strength of the alleged promise that it could later be withdrawn, at no place in the amended complaint does he state who made the promise, nor are there any other facts indicating that the person making the alleged promise had the express, apparent, or implied authority to do so. Also, there are no facts stated in the amendment from which it could be assumed that plaintiff was justified

in relying on the alleged promise. Because of plaintiff's failure to supply such facts, dismissal of his amended complaint was proper. *Schmidt v. Landfield*, 23 Ill.App.2d 55, aff'd in 20 Ill.2d 89.

Plaintiff has cited the following three cases which deal with the question of withdrawing resignations procured by fraud or duress: *Kidd v. State Civil Service Comm.*, 13 Cal.App.2d 653, 57 P.2d 569; *People v. Harding*, 224 Ill.App. 198; and *Williams v. State*, 127 Ohio St. 398, 188 N.E.654. We find that these cases are not in point. The courts in *Kidd* and *Williams* held that fraud or duress will vitiate the validity of a resignation but neither court was faced with the problem of determining the sufficiency of the complaint. The court in *Harding* dealt with the validity of a resignation which was to become effective in the future. This is clearly not the problem in the case before us.

Plaintiff's final contention is that the trial court erred in finding that a writ of *mandamus* would serve no useful purpose since plaintiff had admitted wrongful conduct. While this contention may have merit we feel it need not be considered due to the insufficiency of the amended complaint.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.