KEITH ENSLEN, Petitioner-Appellant, v. THE VILLAGE OF LOMBARD *et al.*, Respondents-Appellees.

Second District   No. 2—83—0978

Opinion filed October 30, 1984.

Robert W. Smith and Mark D. Nomady, both of Hillside, for appellant.

John B. Murphey, of Ancel, Glink, Diamond, Murphy & Cope, of Chicago, for appellees.

JUSTICE SCHNAKE delivered the opinion of the court:

This appeal presents a question of pleadings only. Petitioner, Keith Enslen, brought this action in the circuit court of Du Page County seeking a judgment rescinding his previous resignation of April 19, 1983, and restoring him to the position and rank of lieutenant with the fire department of the village of Lombard, as well as compensatory and punitive damages. A judgment was entered granting respondents' motion to dismiss, and it is from this judgment that the petitioner appeals.

Petitioner filed a petition and two amended petitions, each stating, in essence, the same factual basis for the relief sought. Petitioner alleged, among other things, that the respondent John Corbly was the fire chief of the Lombard fire department and, as such, was the agent of the respondent village of Lombard; that while acting within the scope of his agency and employment, respondent John Corbly told the petitioner that if he did not resign by noon the following day that he (Corbly) would file dismissal proceedings against the petitioner for inhaling nitrous oxide (laughing gas) on duty; that he (Corbly) would tell the newspapers of the charges and also that petitioner was an alcoholic and had been involved with the police concerning his marriage; that he (Corbly) had been in contact with an attorney and was told that he could do this, so that the petitioner was in a "no win" situa-

tion. Petitioner then alleged that as a direct result of the above "coercion, duress, undue influence and wrongful compulsion" exerted by the respondents, the petitioner resigned. It is petitioner's position that this resignation, based on duress and undue influence, is voidable.

The trial court dismissed both amended petitions for failure to state a cause of action in that they did not allege that the basis of the threat to initiate dismissal proceedings, namely the sniffing of nitrous oxide on duty, was without a *prima facie* factual basis. The trial court held, in other words, that to plead duress as a ground for rescission the petitioner must allege that the respondent had no basis in fact for threatening to dismiss the petitioner. Our task, therefore, is to determine whether the second amended petition set forth all the elements of a cause of action.

Duress is a condition where one is induced by a wrongful act or threat of another to make a contract under circumstances which deprive one of the exercise of free will. (*Kaplan v. Kaplan* (1962), 25 Ill. 2d 181, 185.) The acts or threats must be "wrongful" if they are to constitute duress. (25 Ill. 2d 181, 186.) Wrongfulness is not limited to acts that are criminal, tortious or in violation of a contractual duty, but extends to acts that are wrongful in the moral sense. 25 Ill. 2d 181, 186.

Duress does not exist, however, where consent to an agreement is secured because of hard bargaining positions or the pressure of financial circumstances unless the conduct of the party obtaining the advantage is shown to be tainted with some degree of fraud or wrongdoing. (*Alexander v. Standard Oil Co.* (1981), 97 Ill. App. 3d 809, 815, 423 N.E.2d 578, 582-83.) Nor is it duress to threaten to institute civil suits, or to declare that one intends to use the courts to insist upon what he believes to be his legal rights, at least where the threatened action is made in the honest belief that a good cause of action exists, and does not involve some actual or threatened abuse of process. (*Kaplan v. Kaplan* (1962), 25 Ill. 2d 181, 187.) Therefore, where a resignation is given to avoid a dismissal proceeding which has at least a disputed basis in fact, it is not considered to be given under duress. It is only where there is no *prima facie* factual basis for invoking the dismissal procedure that such a threat could amount to duress, if the threat has also left the individual bereft of the quality of mind essential to the making of a contract. *Piper v. Board of Trustees* (1981), 99 Ill. App. 3d 752, 426 N.E.2d 262.

The parties do not dispute that this is a correct statement of the substantive law governing this case, but rather dispute only the plead-

ing requirements of the case. Respondents argue that the petitioner must specifically allege that the threat to initiate dismissal procedures was without even a disputed basis in fact. The petitioner argues that he does not have to deny that such a factual basis exists unless the respondents first plead that they have a basis for the dismissal threat, beyond the threat itself, such as an admission or criminal conviction of the petitioner or at least that the petitioner has been formally charged with a dismissal offense.

In *Piper*, a community college employee sought to rescind her resignation on the basis of duress. She alleged, in part, that she was a longtime employee, had received an evaluation of "average" in April, had received a one-year contract in April to begin in July, and that on July 18 she was told if she did not resign a letter of immediate dismissal would be forthcoming. The Appellate Court for the Third District, in upholding her complaint as stating a cause of action and reversing the trial court's dismissal, stated;

> "Plaintiff alleged that there was no basis for the institution of dismissal proceedings, as there was in *Ragen*. Implicit in the holding in *Ragen* is an indication that a resignation obtained in order to avoid dismissal proceedings which have at least a disputed basis in fact will not be considered as being under duress, even though the employee has become nervous and fearful. Contrariwise, when there is no *prima facie* factual basis for invoking dismissal procedure and this is combined with severe emotional strain and confusion, a factual question is raised as to the existence of duress or undue influence, and the trial court was in error in holding as a matter [of] law that they were absent. *Odorizzi*." *Piper v. Board of Trustees* (1981), 99 Ill. App. 3d 752, 758-59, 426 N.E.2d 262, 266.

We read this case as holding that the critical difference between the pleadings in *Ragen (People ex rel. Marcoline v. Ragen* (1971), 132 Ill. App. 2d 523, 270 N.E.2d 643), which were dismissed for failure to state a cause of action, and the pleadings in *Piper*, which did state a cause of action, was *Piper's* specific allegation that there was no factual basis for initiating the dismissal procedures against her and that this allegation was necessary to state a cause of action. Therefore, the present case is controlled by *Piper*, and the trial court's dismissal of the petitioner's complaint for failure to state a cause of action was correct.

Our interpretation of *Piper* on this issue is supported by two Federal cases, *Rich v. Mitchell* (D.C. Cir. 1959), 273 F.2d 78, *cert. denied* (1961), 368 U.S. 854, 7 L. Ed. 2d 52, 82 S. Ct. 91, and *Autera v.*

*United States* (U.S. Ct. Cl. 1968), 389 F.2d 815, which are persuasive. These cases hold that an employer does not act illegally or improperly in telling an employee that he can choose between facing charges or resigning. In fact, in giving the employee the option to resign, the employee's supervisor is humanely exceeding his requirements rather than threatening action which he has no authority to take. (389 F.2d 815, 817.) Therefore, without a specific allegation that the employer knew or believed that the proposed charges were false, the plaintiff cannot state a cause of action because the plaintiff would not have alleged any "wrongful act or threat" as required for duress. *Kaplan v. Kaplan* (1962), 25 Ill. 2d 181, 185.

■ Petitioner argues that the *Piper* and *Ragen* cases establish an additional pleading requirement, beyond what is normally required for duress, which does not apply to this case. Under *Laemmarr v. J. Walter Thompson Co.* (7th Cir. 1970), 435 F.2d 680, and *Gerber v. First National Bank* (1975), 30 Ill. App. 3d 776, 332 N.E.2d 615, petitioner argues that the "wrongful act or threat" requirement for pleading duress is met simply by the employer's threat to dismiss even if the dismissal would be legal. Therefore, the allegation requirement that the threat of dismissal be made without a *prima facie* factual basis, under *Piper* and *Ragen*, is an additional allegation requirement only meant to apply in cases such as *Ragen* where the employee had been formally charged with misconduct. Petitioner reasons that this is because the formal bringing of charges in *Ragen* added an increased indicia of reliability that the charge of misconduct was not groundless and thus warranted the increased pleading burden applied. Since the mere private threat of dismissal in this case did not carry with it this increased indicia of reliability, the increased pleading burden under *Piper* and *Ragen* does not apply here.

Petitioner's argument fails from the outset, however, in that his two cited cases, *Laemmarr* and *Gerber*, are inapplicable to this case and therefore give no guidance in interpreting *Piper* and *Ragen*. In *Laemmarr*, the employees were threatened with dismissal if they did not resell their stock to the company or its officers and, after having done so, were attempting to rescind their sale. In *Gerber*, an attorney whose practice consisted largely of handling matters for the bank suggested a business venture to one of the bank's directors. The director borrowed a substantial amount of money for the venture, and when the venture failed, the bank's officers demanded Gerber's note for one-half the loss and threatened to terminate his work for the bank if he did not give it. The attorney, after having given the note, raised the defense of duress to the bank's collection efforts. These cases in-

volved a dismissal threat that, while not illegal since both were employees at will, was arguably morally wrong in that it was based on acts unrelated to the employee's on-the-job performance. Thus, in both these cases the "wrongful act or threat" requirement for duress had been sufficiently pleaded under *Kaplan*, which held that morally wrong conduct can be sufficient to constitute duress. These cases are inapplicable here, however, where the threat to initiate dismissal procedures was based on alleged misconduct that occurred on the job, because a supervisor does not act improperly in any respect when he simply and humanely gives the employee the option of facing charges or resigning. *Rich v. Mitchell* (D.C. Cir. 1959), 273 F.2d 78; *Autera v. United States* (U.S. Ct. Cl. 1968), 389 F.2d 815.

■ Therefore, the requirement of pleading that there was no *prima facie* factual basis for the threat of dismissal under *Piper* is not an added pleading burden beyond what is normally required to plead duress and only applicable to certain cases, as petitioner argues. Rather, it simply requires the petitioner to plead that the act or threat allegedly constituting duress was wrongful. This has always been a requirement in pleading duress.

■ Petitioner's second contention is that even if the dismissal threat did not constitute duress by itself, the remaining allegations were sufficient to state a cause of action. We believe that this contention is controlled by *Kaplan* and must fail. In *Kaplan*, a husband sued to rescind the property settlement agreement he made with his wife on the theory of duress, alleging that the wife threatened to cause him great embarrassment by publicizing photographs she had of him with another woman. The Illinois Supreme Court, in upholding the trial court's dismissal of the complaint, stated:

"The only other threat attributed to Elaine Kaplan by the allegations of the complaint is that she threatened to publicize the photographs and occurrence by other means calculated to cause great embarrassment to plaintiff, the other woman, and the latter's family. Even if we assume, without deciding, that the threat of an outraged and humiliated wife to publicize the affair of her husband is wrongful in a moral sense, it is our opinion that this allegation is not sufficient to entitle plaintiff to the relief he seeks. While the defense of duress has developed along liberal lines, we are not prepared to say as a matter of law that a threat of personal embarrassment, particularly under the circumstances reflected in the pleadings, was such as to control the will of the plaintiff, or to render him bereft of the quality of mind essential to the making of a contract. We

have said before that duress is not shown by subjecting one to annoyance or vexation, (*Stoltze v. Stoltze,* 393 Ill. 433, 442; *Burandt v. Burandt,* 318 Ill. 218, 226,) and it is our belief that a threat of personal embarrassment does not rise above annoyance and vexation." *Kaplan v. Kaplan* (1962), 25 Ill. 2d 181, 187-88.

Similarly here, the only other threatened act on which the petitioner could base a claim of duress was respondent's alleged threat to tell the newspapers that the petitioner was an alcoholic and had been involved with the police concerning his marriage. Under *Kaplan* these allegations are insufficient, as a matter of law, to render the petitioner bereft of the quality of mind essential to making a contract.

■ Petitioner's last contention was that his petition stated a cause of action for undue influence. This contention fails for at least two reasons. First, the petitioner must allege specific facts tending to establish the existence of a fiduciary relationship. (*Bridge v. Newridge Chemical Co.* (1967), 88 Ill. App. 2d 337, 232 N.E.2d 551; *Nechanicky v. Morton Park Federal Savings & Loan Association* (1961), 32 Ill. App. 2d 444, 178 N.E.2d 197.) The second amended petition does not allege any facts that tend to establish a fiduciary relationship between the petitioner and the respondents. In fact, the petitioner does not allege, even in a conclusory fashion, that a fiduciary relationship existed. Petitioner argues in his brief that a fiduciary relationship can arise in any number of ways, even by mere friendship, and that the trier of fact must examine all the circumstances surrounding the relationship to determine if one existed. This does not, however, excuse the petitioner from pleading the specific facts upon which he is alleging that a fiduciary relationship arose. Second, the holding of the *Piper* case, that without an allegation that there was no *prima facie* factual basis for the dismissal a cause of action could not be stated, extended both to duress and undue influence. *Piper v. Board of Trustees* (1981), 99 Ill. App. 3d 752, 758-59, 426 N.E.2d 262, 266.

Accordingly, the judgment of the trial court, in dismissing the petitioner's second amended petition, is hereby affirmed.

Judgment affirmed.

LINDBERG and UNVERZAGT, JJ., concur.