Fred ASHBAUGH, Respondent,

v.

Robert M. SIMS, Appellant.

Nos. 25595 and 25661.

Missouri Court of Appeals,
Kansas City District.

July 6, 1972.

American People", U.S. Government Printing Office, Washington, D.C., 1968, p. 5 and Table 7.

Len L. Balke, Kansas City, for appellant.

Robert H. Martin, Independence, for respondent.

## PER CURIAM.

These appeals, consolidated here, come to us from judgments entered in the Circuit Court of Jackson County, Missouri, Division No. 16, arising from litigation between two former partners. This litigation was instituted by the respondent, hereinafter called "plaintiff", against the appellant, hereinafter called "defendant", by the filing of a petition for dissolution and liquidation of the partnership known as "Sims and Ashbaugh, Distributor of Amway Products", wherein the plaintiff in Count I of said petition asked for the dissolution of the partnership; the appointment of a receiver pendente lite to take over the assets of that business; and that the partnership affairs be liquidated and a full accounting made. In Count II of plaintiff's petition, he asked for the partition of certain real estate owned by the parties as tenants in common.

In answer to Count I of said petition, the defendant admitted the existence of said partnership; stated that the partners had agreed to dissolve the same as of September 1, 1966, and that it was in fact dissolved on October 1, 1966; that the parties had agreed to settle their respective interests and obligations involved in the dissolution of said partnership, and asked the court to refuse to appoint a receiver, but to determine and declare the parties' respective rights upon dissolution.

In answer to Count II of the petition, defendant admitted the ownership of the real estate as tenants in common, and that the parties had agreed to sell the same and divide the proceeds according to their interests.

The defendant also filed a counterclaim in which he asserted that upon dissolution of the partnership, he and the plaintiff had entered into an oral contract with reference to the business theretofore carried on by the parties as partners, and that as a consideration therefor, he, the defendant, was to retain all distributors theretofore obtained or sponsored by the defendant, with credit for all past bonuses earned on such distributors' business, and that the plaintiff was to act as defendant's sponsor in the further handling of Amway business.

Plaintiff's answer to defendant's counterclaim was in the nature of a general denial.

The trial of this cause was commenced on October 10, 1968 before The Honorable David T. Cavanaugh, Judge of Division No. 12 of the Circuit Court of Jackson County, Missouri. A jury was waived.

At the outset of the trial, the court was advised that the parties had reached an agreement whereby the defendant would purchase the plaintiff's interest in the real estate, and Count II of plaintiff's petition was thereupon dismissed, and it was agreed that the matter would be submitted to the court as a partnership accounting on Count I of plaintiff's petition and on defendant's counterclaim.

Thereafter, Judge Cavanaugh heard evidence on October 10 and 11, and November 1, 1968. The only witnesses who testified were the plaintiff and the defendant. At the close of all the evidence, Judge Cavanaugh, upon oral motion by the plaintiff, dismissed the claim for punitive damages asserted by the defendant in his counterclaim, took the matter under advisement, and requested counsel for both parties to

submit to him a complete itemization of what each party contended was owing from the other party. The defendant complied with this direction of the court by filing such a summary on November 26, 1968, and the plaintiff complied with this request of the court by filing such statement on December 9, 1968.

Thereafter, Judge Cavanaugh became ill and subsequently departed this life before rendering any judgment in this cause.

Thereafter, by agreement of the judges and on November 5, 1969, this cause was transferred to Division No. 16, and it was apparently agreed that the cause would be submitted to The Honorable William J. Peters, Judge of that division, upon the transcript of the trial before Judge Cavanaugh, without retrial. It should be noted that during this period, the case was re-numbered and the transcript bears two circuit court numbers, but, in fact, there was only one case involved below.

In accordance with that agreement and on July 1, 1970, the court below entered a judgment in favor of the plaintiff upon Count I of his petition in the amount of $1722.73 and disallowed defendant's claims under his counterclaim.

Thereafter and on July 13, 1970, defendant filed his motion for new trial, and on July 21, 1970 the court amended its judgment of July 1, 1970 by giving the defendant an additional credit of $21.00 and entered a new judgment in the amount of $1701.73 and overruled defendant's motion for new trial in all other respects.

Thereafter and on July 28, 1970, defendant filed a motion for new trial on the new judgment, and on the same day filed a notice of appeal to this court from the judgment entered July 1, 1970, and thereafter and on November 2, 1970, the defendant filed a notice of appeal to this court from the judgment of July 21, 1970. Both of these appeals have been consolidated here for decision.

The evidence in this case may be briefly summarized as follows:

The parties hereto entered into an oral partnership agreement in the year 1965, under the terms of which they undertook to distribute and sell, under the firm name of "Sims and Ashbaugh", various household cleaning products and other household items, manufactured and distributed by Amway Products. The method employed by the Amway Products and the parties hereto was to appoint various sales personnel or distributors for the marketing of these products. Each such salesman or distributor worked under a "sponsor". During the period of the existence of the partnership, the defendant's (and possibly the plaintiff's) sponsor was one Clete Markum, and the parties in turn appointed distributors and salesmen for whom they acted as sponsors. The function of these sponsors in relation to the work of the distributors was to counsel and advise, set up sales meetings and other promotional efforts.

The margin of profit on sales of Amway Products by the partners was approximately 35%, and in addition, the partnership was paid a bonus by Amway, depending upon the volume of their sales.

The defendant testified that he and his former partner, plaintiff Ashbaugh, entered into an oral agreement terminating the partnership, although the parties intended to continue their individual connection with Amway Products. As a part of this oral agreement, the defendant testified that in consideration of the defendant's dropping the sponsorship of Clete Markum and coming under the sponsorship of the plaintiff in further individual efforts for the Amway Products, that he, the defendant, was to retain his sales organization and be credited with all bonuses which were due or might thereafter become due for personal business produced during the partnership and on that produced by all distributors or salesmen developed by the defendant.

In accordance with this agreement, the defendant testified that he severed his connection with Clete Markum, but that he had not received effective sponsorship from the plaintiff and had not been paid any of the earned bonuses due from Amway on business produced by him or his distributors and salesmen during the partnership. He testified that of the bonuses received from this source, certain distributors and salesmen would be paid a bonus of 35% attributable to their production, and that the defendant would retain 65% thereof.

The defendant testified that the total bonus earned and unpaid from his production during the partnership was $3078.26, from which he would be entitled to retain 65% or $2000.87. He stated that the corresponding figure of bonus earned and unpaid on the production of the plaintiff during the partnership was $427.91, 65% of which would be $278.14. He testified that under his agreement with the plaintiff, he was to receive the difference between the two net bonus figures or $1722.73 and that the plaintiff had not paid him any part thereof. He testified that these figures were not estimates but from actual computations.

No contrary evidence was offered at the trial of this cause with reference to this agreement or the figures on the bonus accounts. The plaintiff did not take the stand to either affirm or deny the oral contract or to dispute the computation of the bonus figure, nor has he favored us with a brief.

We are not here concerned with the rule of deference which may be accorded a trial judge in a jury-waived case under Rule 73.01(d), Civil Rules of Procedure, V.A.M.R., as to the credibility of witnesses, since the court below did not hear the evidence but ruled the case strictly upon the transcript, which is now before us.

We believe that upon this transcript there was substantial evidence upon which the trial court could make his judgment of accounting on Count I of plaintiff's petition, as contained in the judgment of July 1, 1970, as modified by the new judgment of July 21, 1970, and that his findings in that regard should not be disturbed.

■ In his judgment of July 1, 1970, in ruling upon defendant's counterclaim, the court stated: "The claim for bonus differential by the defendant is disallowed." We do not agree with this finding upon this record. The undisputed testimony in this case was that an oral contract was entered into between the plaintiff and the defendant, the terms of which were as testified to by the defendant and undisputed by the plaintiff. In this posture of the record, we believe that the terms and conditions of this oral agreement must be recognized.

■ Parties may contract without a writing. Poe v. Illinois Central R. Co., 339 Mo. 1025, 99 S.W.2d 82, 89; Smith v. Githens, App., 271 S.W.2d 374, 378. Parol evidence is properly admissible to prove the terms of a verbal contract. Iowa-Missouri Walnut Co. v. Grahl, 237 Mo.App. 1093, 170 S.W.2d 437, 440.

The defendant established all of the elements of a valid oral contract, and under the undisputed terms of this agreement, the defendant was entitled to recover $1722.73, representing the unpaid bonus differential on his individual production during the existence of the partnership.

The judgment of the court below on Count I of plaintiff's petition is affirmed, but the cause is remanded with directions to the trial court to enter a judgment in favor of the defendant and against the plaintiff on his counterclaim in the amount of $1722.73.