**UNITED MISSOURI BANK SOUTH, Respondent,**

v.

**William C. COLE, Appellant.**

**No. KCD 30338.**

Missouri Court of Appeals, Western District.

March 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1980.

Application to Transfer Denied May 13, 1980.

**210**

Carl W. Bussey, Bussey & Wright, Kansas City, for appellant.

Jim Tom Reid, Kansas City, for respondent; Shockley, Reid & Koger, Kansas City, of counsel.

Before SHANGLER, P. J., and SWOFFORD and CLARK, JJ.

SWOFFORD, Judge.

This is an action for damages for a deficiency of an automobile installment sale contract after repossession, sale and credit proceeds of such sale of the collateral (automobile). The debtor under the contract counterclaimed for actual and punitive damages alleging wrongful repossession (conversion) of the automobile. In the court-tried case below, the court found in favor of the respondent (Bank) and awarded it a judgment for $485.45 and found against the appellant (Cole) on his counterclaim, and this appeal followed.

The evidence in this trial established that on May 1, 1973, Cole purchased a Cadillac El Dorado automobile from Roach Cadillac in Kansas City, Missouri and executed an Installment Sale Contract for the balance due on said purchase in the amount of $8,373.96, to be paid in 36 monthly installments of $232.61 each, beginning the 15th of June, 1973. The contract contained the standard acceleration clause providing that the holder, upon the default of any such payment, could declare the entire balance due and payable in a lump sum. This contract was assigned to the respondent Bank for value by Roach Cadillac shortly after the sale to Cole.

The evidence, documentary and oral, offered by the Bank showed that thereafter the payments were made irregularly and only two were made when due. On October 29, 1974 the Bank sent a letter to Cole exercising its acceleration option, declaring the entire balance due and payable. The

Bank's evidence established that no payments were made on the obligation from September 4, 1974 through March 17, 1975, and that thereafter two checks offered by Cole on the delinquency had been returned "insufficient funds" and that on December 29, 1975, when the repossession of the automobile was accomplished, Cole was eight (8) installment payments in arrears. There had been some payments made and credited to the Cole account between the date the Bank exercised its acceleration option and the date of the repossession, but none of these had placed the account upon a current basis. No further or additional acceleration notice was given to Cole other than the one dated October 29, 1974.

The automobile was sold by the Bank and after charging the account with the costs of repossession and allowing a credit for unearned premium on credit life insurance, the proceeds were credited to the Cole account, leaving a balance due the Bank of $484.45.

Cole testified that he was not the buyer of the automobile from Roach but that he cosigned the contract for his cousin. The identity of this person was not further described and the appellant's name and signature was the only one appearing on the original contract. He was vague about the amounts and dates of the payments he had in fact made upon the contract, and his testimony did not challenge or in any way refute the accuracy of the Bank's records of the account of debts and credits on the contract obligation. He further testified as to a purported conversation with someone at the Bank with reference to an extension of the payments. This conversation Cole stated was in December of 1975, but the person with whom this purported conversation was had was not identified, and there is no support in the record, other than Cole's statement that such "extension" was in fact granted.

The Appellant's Point I, in summary, asserts that the record established the Bank had waived its rights under the acceleration notice of October 29, 1974 by accepting partial payments thereafter, and by not taking any affirmative action to enforce the acceleration notice or notifying him it was not waiving its rights thereunder, until the repossession in December, 1975.

The appellant further urges error under Point I in that the court, under the facts and circumstances noted, misapplied the law of waiver. This point is without merit.

■■■ There is no need here to launch into the ofttimes intricate and complicated law of waiver. In this case the applicable principles are basic. Waiver generally is the intentional relinquishment of a known right. *Greenberg v. Koslow*, 475 S.W.2d 434, 438 [7] (Mo.App.1971). It may be either express or implied. In the case before the court, the sales contract by its specific terms gave the holder Bank the option, upon default by the debtor of timely monthly payment, to give notice of its exercise of the option and declare an acceleration of the obligation so that the entire balance became due. This, the Bank did by its letter of October 29, 1974. The question remains as to whether it thereafter waived, either expressly or by implication, its right to enforce collection of the balance of the obligation without an additional notice of acceleration upon additional or "fresh" default. It is not claimed (and certainly not established by any competent evidence) that there was any express waiver. Was there an implied waiver of these rights by the Bank? Did such an implied waiver come about by reason of the fact that the Bank accepted payments on the obligation (less than the entire balance) after it had exercised its acceleration option?

■ In order to prove an implied waiver the acts of the Bank must be so consistent with and indicative of an intention to relinquish its right to enforce the collection of the full balance of the Cole obligation and so clear and unequivocal that "no other reasonable explanation of their conduct is possible". *Berger v. McBride & Son Builders, Inc.*, 447 S.W.2d 18, 20 [4] (Mo.App. 1969); *Kroh Brothers Development Company v. State Line Eighty-Nine, Inc.*, 506 S.W.2d 4, 12 [9] (Mo.App.1974), and cases cited therein. As this Court stated in the

**212**

last cited case, "Forebearance is not a waiver".

Applying these general rules to the appeal before this Court, the case of *Paul Londe & Associates, Inc. v. Rathert*, 522 S.W.2d 609, 610–611 [1, 2] (Mo.App.1975) is persuasive and will be followed. In that case the holder of notes, the periodic payments on which were in default, exercised its acceleration option and declared the entire balance due. After an adverse judgment the obligors on the notes appealed, asserting that the holder waived or rescinded the acceleration clause by accepting and depositing late installments which brought the notes to a current status (a factor not present in the instant case). This occurred, however, after the notice of acceleration had been given and suit filed on the notes.

The *Paul Londe & Associates, Inc.* court cited and adopted the reasoning of a long line of decisions from other jurisdictions which generally held that once the entire balance of an obligation has become due by reason of an acceleration, the holder is entitled "to apply any forthcoming payment toward the balance", and the *Londe* court held, l. c. 611:

> "We have concluded that the mere acceptance of a payment on a delinquent note does not waive an acceleration of payments which has already been invoked. * * *"

and that the acceptance thereof,

> "* * * would not indicate that the holder of the note intends to waive or cancel the acceleration option which he had previously exercised. * * *"

The cases cited by appellant in support of its claim of waiver are clearly distinguishable and inapposite here.

The record before this Court is completely devoid of any act, conduct or statement by the respondent Bank through any identified or authorized representative which indicated any intention at any time to waive its right of acceleration or to rescind its acceleration notice or to look to its security. Waiver was not established and appellant's Point I is ruled against him.

The appellant's Point II basically attacks the validity of the Bank's records, admitted into evidence without objection, as improperly reflecting the number of payments made on the contract, the total paid thereon, and the balance due. The appellant positively asserts in this connection that no delinquency existed on the account in the face of positive evidence to the contrary and in face of the complete lack of evidence of any inaccuracy or mistake proved or deducible.

Further, the point was not preserved for review in the court below, nor will this Court consider it as "plain error", as requested by appellant.

The court below based its judgment upon substantial evidence, no error of fact or law appears, and the judgment is affirmed.

All concur.