James R. AREND, Plaintiff-Appellant,

v.

GREAT SOUTHERN SAVINGS AND LOAN ASSOCIATION, Defendant-Respondent.

No. 11763.

Missouri Court of Appeals, Southern District, Division One.

Jan. 19, 1981.

Peter H. Rea, Branson, for plaintiff-appellant.

Richard Martin, Gainesville, B. H. Clampett, William A. R. Dalton, Springfield, Daniel, Clampett, Rittershouse, Dalton & Powell, Springfield (on brief), O. J. Taylor, Taylor, Stafford, Gannaway & Woody, Springfield, for defendant-respondent.

TITUS, Judge.

Claiming the balance of a $125,000 commercial loan made by it to plaintiff et alii had been prepaid, defendant charged and collected from plaintiff the prepayment penalty of $2,264.71. Plaintiff brought the present action to recover the prepayment penalty. When the trial court rendered judgment in favor of defendant, plaintiff appealed.

Plaintiff et uxor and Wagner et uxor signed the first mortgage promissory note in question which was payable in monthly installments of $1,195 each and secured by a deed of trust.

Inter alia, the note contained two provisions, i. e., (1) a default or due on sale provision and (2) a prepayment provision:

(1) *The default or due on sale provision* —"If default be made in the payment of any of said monthly installments when due, or if makers convey any of the property described in the deed of trust securing this note without the written consent of the holder . . ., the holder of this note may, at the option of said holder, declare all unpaid indebtedness as evidenced by this note . . . immediately due and payable, and thereupon the undersigned and their assigns agree to pay immediately the whole obligation and all costs of collection, including a reasonable attorney's fee."

(2) *The prepayment provision*—". . . and further provided that if the loan is paid in full prior to maturity, then in addition to the interest due, the holder hereof shall have the right to charge a sum equal to three months advance interest on the principal balance . . . ."

The note and deed of trust had been executed by plaintiff and his wife and the Wagners under date of June 19, 1974. In June 1976 the Wagners, via a warranty deed, conveyed their interest in the concerned real estate to Messrs. Luna and Guffey. When defendant learned of the conveyance, its attorney wrote a letter dated September 9, 1976, to the makers of the note wherein he advised that defendant was declaring the whole balance of the note "immediately due and payable" under its due on sale provision. Another letter was written October 28, 1976. However, in November 1976 plaintiff advised the attorney that "they" had an impending sale arranged for the property and would pay off the loan as soon as the sale was completed. Thereafter, defendant took no further action under the due on sale provision of the note and, instead, accepted the $1,195 monthly note installment payments for the months of September, October, November and December 1976. In January 1977 the property was sold and the balance of the note was paid, including the prepayment charge of $2,264.71.

Without iterating the points relied on in plaintiff's brief on appeal, all of which have been written in utter disregard of the mandatory requirements of Rule 84.04(d), V.A. M.R., the sum and substance of plaintiff's position concerning the prepayment provision is that when defendant exercised its

option under the due on sale provision and declared the entire balance of the debt due in 1976, such election was irrevocable and could not be rescinded without plaintiff's consent. Or stated differently, plaintiff is saying that once the entire debt was declared by defendant to be immediately due and payable, there could be no prepayment made in January 1977 and, therefore, no contractual basis for the extraction of any prepayment penalty.

As the trier of the facts in this case, the trial court had leave to believe all, part or none of any witness' testimony [*Estate of Sheets v. Sheets*, 558 S.W.2d 291, 296[7] (Mo.App.1977)], and as no specific findings of facts were requested or made, all fact issues on appeal will be considered as having been determined by the court nisi in accordance with the result reached. *Silliman v. Chrisman*, 584 S.W.2d 441, 443[1] (Mo.App.1979).

 It is apparent that the trial court, as the trier of the facts, determined that defendant had waived or renounced its previous election to accelerate the payments under the due on sale provision and reinstated the note according to its original terms. There is evidence to support such a determination from the fact that after defendant had declared all of the unpaid indebtedness due and payable instanter, it abandoned that position to accommodate the debtors and thereafter accepted four monthly note installment payments according to the original terms of the note. The remaining question is, could defendant under the circumstances, as a matter of law, waive or rescind its election?

The facts in this case and the answer to the remaining question, supra, are mirrored and answered in *West Portland Development Co. v. Ward Cook, Inc.*, 246 Or. 67, 424 P.2d 212, 213–214[1–2] (1967). In the reported case, the note went into default and defendant exercised its option, under the default or due on sale provision of the note, and declared the entire principal and interest on the note due instanter. However, the notice of default was thereafter rescinded when plaintiff agreed to make up

its delinquencies and continue the monthly note payments. Soon thereafter plaintiff sold the property described in the trust deed securing the note. Plaintiff then paid the balance due on the note before maturity and the prepayment charge thereon. Following this, plaintiff sued to recover the prepayment charge without success and appealed. In holding the trial court was correct, the Supreme Court of Oregon said: "'It is true that under some circumstances the law will not permit a party, having once elected, to change such election, but will hold it irrevocable. This rule is generally applicable in a case where the opposite party would be in some way prejudiced by permitting him who has the right to elect to revoke such election.' ... In the present case there is no evidence that plaintiff changed its position or acted to its prejudice after defendant gave notice of acceleration and before it rescinded the same."

In the case before us, plaintiff nowhere undertook to plead or prove that he or anyone had been prejudiced in any manner by the defendant's rescission or abandonment of its notice of acceleration. Neither did plaintiff plead, prove nor even suggest that his obvious acquiescence in defendant's annulment of the acceleration notice worked anything other than a benefit through the forebearance of a forced foreclosure sale of the property. Whether plaintiff was to permit defendant to proceed with satisfying the indebtedness under the due on sale provision in the note, or, alternatively, to accept the annulment of the acceleration notice and continue with the monthly payments and thereafter make prepayment of the note, was plaintiff's choice. Nonetheless, in order to exercise the choice that plaintiff did, the prepayment penalty agreed to in the note had to be paid.

 The one point relied on not covered by the foregoing is: "The trial court erred in rendering judgment without considering all the evidence in the case, particularly after the court had granted permission to reopen the case and permit the taking of said new evidence." As written,

this point leaves us to guess and conjecture "wherein and why" (Rule 84.04(d), V.A. M.R.) the judgment was rendered without the trial court's considering unspecified evidence after it had reopened the case and permitted the taking of new evidence. The point is defective for failing to state what evidence in the case the trial court did not receive or consider. *In re Estate of Barks,* 488 S.W.2d 928, 930[4] (Mo.App.1972). Appellate courts are not obliged to seine the argument portions of an appellant's brief or the record on appeal to ascertain reasons for alleged error recited in a conclusionary fashion. Points that cannot be understood without resorting to the legal file, the transcript on appeal and other portions of an appellant's brief preserve nothing for appellate review. *Martin v. Circuit Court of City of St. Louis,* 580 S.W.2d 307, 309[5] (Mo. App.1978); *Plaster v. Standley,* 569 S.W.2d 784, 788[6] (Mo.App.1978).

█ Although, as written, the point relied on, supra, preserves nothing for review [*Powers v. Powers,* 544 S.W.2d 339, 340[3] (Mo.App.1976)] and would justify our totally ignoring it, we gratuitously observe that the trial docket entry made January 4, 1980, disputes the assertions contained in the point. A court may speak only through its records [*State ex rel. Ballew v. Hawkins,* 361 S.W.2d 852, 856[4] (Mo.App.1962)], and a trial docket entry belies the plaintiff's assertion that the court did not consider the contents of plaintiff's motion to reopen the case. In its docket sheet, under date of January 4, 1980, the trial court wrote: "By agreement of attys [naming plaintiff's and defendant's counsel], *in camera,* the ct. makes its decision on issues herein, based on information and reasoning as set out in pltf's motion to re-open case' filed 3–22–79, and granted 7–6–79, together with the evidence presented to and heard by the Court on 12–12–78. The Ct finds the issues for the defendant and against pltf. Costs taxed against plaintiff."

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.