**GREAT SOUTHERN SAVINGS AND LOAN ASSOCIATION,**
Plaintiff-Appellant-Respondent,

v.

**JEFFERSON PROPERTIES, INC.,**
Defendant-Respondent-Appellant.

Nos. 12984, 12996.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 22, 1983.

John R. Lewis, Springfield, for defendant-respondent-appellant.

O.J. Taylor, Taylor, Stafford & Woody, Springfield, for plaintiff-appellant-respondent.

## PER CURIAM.

This case centers around the right of the plaintiff to enforce the Prepayment Penalty Clause of a monthly installment note. The decisive factors will be succinctly stated.

The note contained a "due on sale" provision permitting the plaintiff to accelerate the maturity of the note upon the sale of the property by which it was secured. Through mesne conveyances, that property was acquired by the defendant. The property had been sold. By its letter to the defendant, the plaintiff recited the facts of the sale and the due on sale clause. It then declared: "We are herewith exercising that right and, consequently, demand payment of the principal balance, plus accrued interest, within 30 days of the date hereof." Neither party questions the validity of that provision for acceleration. Each party, at least tacitly, if not expressly, has acknowledged the letter was an effective acceleration of the maturity of the note. It will be so regarded by this court. *Capital City Motors, Inc. v. Thomas W. Garland, Inc.,* 363 S.W.2d 575 (Mo.1962); *United Missouri Bank South v. Cole,* 597 S.W.2d 209 (Mo. App.1980).

The defendant replied by letter. It first denied the right of the plaintiff to acceler-

ate the maturity of the note. The letter then advised that the defendant had granted a 60 day option on the property, under the terms of which the note would be paid. The letter concluded as follows: "I suggest that we have our attorneys prepare some kind of an agreement to preserve and save whatever rights either of us have, as of right now, until 60 to 90 days on down the road at which time either of us can then pursue whatever course of action is desired. Of course, during the interim, without prejudicing either of our rights, I would continue to make the monthly payments on the loan."

After this exchange of letters, the defendant paid and the plaintiff accepted timely payments for the following three months. The sale of the property to the optionee was consummated approximately 3½ months after the exchange of letters. At that time, the plaintiff took the position it was entitled to a prepayment penalty of $9,852.15. Ultimately, as a prerequisite to satisfaction of the note and release of the lien on the property, the amount of the penalty was placed in escrow. It was agreed an action would be brought to secure a judicial determination of which party was entitled to the escrowed funds. Those funds were deposited in a savings account with the plaintiff in the names of the attorneys for the two parties.

The plaintiff instituted this action for a declaratory judgment that it was entitled to the funds. By its answer, the defendant essentially recited the above facts. In addition, it alleged the defendant had no practical choice but to agree to the escrow arrangement. The prayer sought a judgment the defendant was entitled to the funds, for damages that could have been earned on the funds in excess of the amount of interest to be paid on the account and attorney's fees and punitive damages of $5,000. The defendant demanded a jury trial.

The issue of fact to be a basis for the declaratory judgment was submitted by the following instruction: "Do you believe from the evidence that after plaintiff received

Mr. E.H. Green's letter of March 22, 1978, plaintiff abandoned its position that the principal and interest on the loan in question should be paid within thirty days from March 7, 1978?" This instruction was submitted by the plaintiff, although it apparently was agreed to by the defendant. Neither party has raised any question concerning the procedure and instruction. None will be considered by this court.

The trial court refused to submit the defendant's demand for attorney's fees. The prayer for actual and punitive damages was submitted under an instruction to be hereafter discussed. The jury answered the first instruction "No." The trial court entered judgment decreeing the defendant to be entitled to the escrowed funds. The jury returned verdicts for $7,900 actual damages and $5,000 punitive damages. The trial court entered a judgment on those verdicts. However, it later sustained the plaintiff's post-trial motion and set aside those verdicts and judgment thereon. Both parties appealed.

The plaintiff contends it is entitled to the escrowed funds as a matter of law because it had abandoned or waived the acceleration of maturity by the subsequent acceptance of three monthly payments. Waiver may be defined as the intentional relinquishment of a known right. *Kroh Brothers Dev. Co. v. State Line Eighty-Nine, Inc.,* 506 S.W.2d 4 (Mo.App.1974).

Such acceptance of monthly payments does not, standing alone, conclusively establish a waiver of acceleration. *United Missouri Bank South v. Cole,* supra; *Paul Londe & Associates, Inc. v. Rathert,* 522 S.W.2d 609 (Mo.App.1975). Also see *Markle v. Columbia Union National Bank & Trust Co.,* 483 S.W.2d 682 (Mo.App.1972). "Where, as here, no express waiver is shown, in order to prove an implied waiver the acts or omissions of the party alleged to have waived his rights must be so consistent with and indicative of the intention to relinquish the particular right or benefit that no other reasonable explanation is possible." *Paul Londe & Associates, Inc. v. Rathert,* supra, at 611. Expressed another

way: "In order to prove an implied waiver the acts of the Bank must be so consistent with and indicative of an intention to relinquish its right to enforce the collection of the full balance of the Cole obligation and so clear and unequivocal that 'no other reasonable explanation of their conduct is possible.'" *United Missouri Bank South v. Cole,* supra, at 211.

▪ The plaintiff chose to submit the question of waiver by the instruction referred to above. The jury determined there had been no waiver. Nevertheless, the plaintiff contends it is entitled to judgment as a matter of law under the authority of *Arend v. Great Southern Sav. and Loan Ass'n,* 611 S.W.2d 381 (Mo.App.1981). That case may be readily distinguished. In *Arend,* the trier of fact determined there had been a waiver. This court held there was evidence to support, not compel, that determination. Further, the obligor's letter in *Arend* did not propose the continuation of monthly payments *"without prejudicing either of our rights."* (Emphasis added). The fact parties contemplate the reduction of an agreement to a formal written instrument, as suggested in defendant's letter, does not in itself demonstrate they are not bound by an agreement otherwise formed. *Hunt v. Dallmeyer,* 517 S.W.2d 720 (Mo. App.1974); *Ashbaugh v. Sims,* 483 S.W.2d 80 (Mo.App.1972). However, it is not necessary to consider that letter in the context of all of the ramifications of the law applicable to the formulation of a contract. The letter could be properly considered by the jury as one of the circumstances pertaining to the issue of a waiver. The evidence did not establish waiver as a matter of law. The plaintiff's appeal is denied.

▪ By its appeal, the defendant seeks reinstatement of the judgment for actual and punitive damages. In support of that position, it cites Missouri cases dealing with the right to recover payments made under economic duress. *Enameling & Stamping Co. v. City of St. Louis,* 328 Mo. 648, 40 S.W.2d 593 (1931); *Wolfe v. Marshall,* 52 Mo. 167 (1873). Also *Steffen v. Refrigeration Discount Corp.,* 91 Cal.App.2d 494, 205

P.2d 727 (1949). It is clear the defendant sought recovery in tort based upon payment under economic duress. That theory has not been dealt with in this state.

It is not necessary to do so in this case. The defendant submitted its right to recover under an instruction based upon the involuntary payment of the penalty. Considered as a whole, the instruction refers to payment under duress by the defendant to the plaintiff. There is no evidence of such payment. The trial court properly set aside its judgment. The defendant's appeal is denied. The judgment of the trial court is affirmed.

All concur.